# EXHIBIT 1

# SETTLEMENT AGREEMENT
# AND
# RELEASE OF CLAIMS

**William Looker,** *et al.*

**and**

**Smokehouse BBQ Inc.,** *et al*

**JANUARY 15, 2015**

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Agreement, along with all exhibits hereto (collectively, the "Settlement Agreement"), is entered into by and between Smokehouse BBQ, Inc. d/b/a Smokehouse Bar-B-Que, ("Defendant" or "Smokehouse"), Joshua Ghasemi and Darioush Ghasemi, on the one hand, and William Looker (the "Named Plaintiff"), for himself and a class of all similarly situated employees ("Plaintiffs"), in the case of *William Looker, et al., individually and on behalf of other similarly situated persons v. Smokehouse BBQ, Inc.,* Case No. 4:14-CV-00203, filed in the United States District Court for the Western District of Missouri (the "Lawsuit").

## RECITALS

WHEREAS, the Named Plaintiff filed this collective action lawsuit pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") against Smokehouse on March 4, 2014. (Doc. 1).

WHEREAS, Defendant filed an Answer denying the material allegations of the initial Complaint on May 9, 2014. (Doc 4).

WHEREAS, the parties began the discovery process, including the exchange of Rule 26 disclosures and service of formal document requests and interrogatories, along with responses to the same.

WHEREAS, the parties filed a Joint Motion to Stay the Proceedings and Stipulation of Tolling, pending mediation which the District Court granted on August 22, 2014. (Doc. 28).

WHEREAS, as a condition of mediation, the parties agreed to exchange additional information, data and documents necessary to fully and fairly evaluate the claims of existing and putative class members, including comprehensive personnel and related information such as class

members' dates of employment, compensation data, timekeeping and point of sale records and company policies regarding tip credit issues.

WHEREAS, the parties mediated the Lawsuit on October 8, October 31, November 11, November 13 and December 15, 2014, with nationally-recognized mediator John Phillips, with Husch Blackwell, conducted numerous informal telephonic settlement conferences with Mr. Phillips, and ultimately arrived at an agreement to settle the claims in the Lawsuit.

WHEREAS, Defendant denies all of the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to these alleged facts or causes of action asserted in the Lawsuit, and denies that this case could be litigated on a collective action basis, but nonetheless, without admitting or conceding any liability or damages whatsoever or the propriety of collective action status for trial purposes, has agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement to avoid the burden, expense and uncertainty of continuing the Lawsuit.

WHEREAS, the parties recognize that the outcome in the Lawsuit is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time and expense.

WHEREAS, the Named Plaintiff and his counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit to determine how best to serve the interests of all potential class members and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Settlement Agreement is in the best interests of all and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit.

WHEREAS, the parties have agreed to settle this case as to the 343 individuals who worked as servers for Smokehouse ("Plaintiffs") from August 15, 2011 to August 15, 2014. ("Class Period").

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

## AGREEMENT

1.     <u>Settlement Fund</u>.  Defendant agrees to establish a settlement fund in the amount of Three Hundred and Ninety Thousand Dollars ($390,000.00) ("Settlement Fund") to resolve all wage and hour claims of the Plaintiffs.  This Settlement Fund is inclusive of attorneys' fees, costs, settlement administration fees, and service awards.  The parties are to each pay their own fees and expenses, other than those approved by the Court to come from the Settlement Fund.  Only the Named Plaintiff, and any Plaintiff who received notice of the settlement pursuant to Paragraph 4(c) and who satisfies the requirements for participating in the settlement specified in Paragraph 4(d) (all together, "Opt-in Plaintiffs") are entitled to participate in the settlement.

2.     <u>Settlement Fund Allocation</u>.

   a.     <u>Minimum Payment</u>. Each Plaintiff who worked as a Server during the Class Period shall be allocated a minimum flat payment of $15.  ("Minimum Payment").

   b.     <u>Settlement Share</u>. In addition to the Minimum Payment, each Plaintiff shall be allocated a proportionate share of the Settlement Fund, once the Settlement Fund is reduced by (1) court-approved attorneys' fees and costs (as specified in Paragraph 2(f)), (2) reasonable claims administration fees and expenses (as specified in Paragraph 2(e)), (3) court-approved service payments (as specified in Paragraph 2(g)), and, (4) $15 for each

Participating Plaintiff (as specified in paragraph 2(a)). The Settlement Fund as reduced by the foregoing amounts shall be referred to as the "Remaining Settlement Fund." The Remaining Settlement Fund shall be allocated among the Plaintiffs as described in Exhibit B, attached hereto. The variables used in the allocation to Plaintiffs include weeks worked during the Class Period, weeks worked by Plaintiffs in the third-year, weeks worked after Defendant's alleged remediation, and date consent to join form was filed (if applicable).

      c.     <u>Settlement Allocation</u>. The respective settlement allocations for each Plaintiff shall be his or her Settlement Share plus the $15 minimum payment. ("Settlement Allocation"). One-half of the Settlement Allocation to each Plaintiff shall be for settlement of Plaintiff's claims for alleged unpaid minimum wages, which shall be reported on a Form W-2, less applicable taxes and other wage withholdings. The remaining one-half of Plaintiff's Settlement Allocation shall be for settlement of Plaintiff's claim for alleged liquidated damages, which shall be reported on a Form 1099 without any deduction for taxes or other withholdings.

      d.     <u>Payroll Taxes</u>. Defendant will bear the employer's share of payroll taxes and preparation of W-2 and Form 1099 documents separately from the Settlement Fund. The Settlement Administrator shall be responsible for determining and processing the reporting of and the amount of tax withholding, if any, required from all payments made pursuant to this Agreement.

      e.     <u>Settlement Administration Fees</u>. If the Court grants approval of this Settlement Agreement, the settlement will be administered by Dahl Administration as set forth below in Paragraph 4, including administering the settlement, sending the class notice, receiving Consent to Join claim forms, creating a Qualified Settlement Fund, determining

and processing the amount of tax withholding, if any, required from all payments, processing and mailing settlement checks, and providing a list of Opt-in Plaintiffs as requested by the parties' counsel. Fees and expenses of the Settlement Administrator shall be paid out of the Settlement Fund and shall not exceed $6,405.

      f.    <u>Attorneys' Fees</u>. Plaintiffs' Counsel Crimmins Law Firm LLC ("CLF") and Wright & Fisher, LLC ("W&F") will apply for fees and costs not to exceed thirty-three percent (33%) of the Settlement Fund. Defendant will not oppose or object to such application. The actual amount awarded will be determined by the Court to ensure the amount of attorneys' fees is reasonable. Defendant will only pay Class Counsel the actual amount of fees awarded by the Court. This payment will be made from the Settlement Fund.

      g.    <u>Service Awards</u>. Plaintiffs' Counsel will apply for, and Defendant will not object to, service payments in an amount of $2,500.00 from the Settlement Fund for the Named Plaintiff who materially participated in the prosecution of this Litigation.

3.    <u>Court Approval</u>. Plaintiffs will submit to the Court an unopposed motion for final approval of this Agreement. Plaintiff will submit these drafts to Defendant for review prior to filing. The parties will cooperate and take all necessary steps to effectuate judicial approval of the Settlement Agreement. The parties agree that this settlement is contingent upon the approval of the Settlement Agreement in its entirety. In the event that the Court does not approve this Settlement Agreement, the parties agree to continue to negotiate in good faith over an alternative settlement. Should settlement not become final, the fact that Defendant was willing to stipulate to class certification as part of the settlement shall have no bearing on and shall not be admissible in

connection with the issue of whether a class should be certified in a non-settlement context in this action.

4.    Settlement Administration.    The parties agree to the following procedure for settlement administration:

a.    Within ten (10) days after the Court approves the Settlement Agreement, Plaintiff's counsel will provide the names, addresses, and Social Security Numbers of the Plaintiffs ("Contact Information"), which was provided to Plaintiffs' counsel, along with the documents to verify this information, by Defendant, to Defendant's Counsel and the Settlement Administrator.  Defendant agrees to provide any updated address information it has within five (5) days of the Court's final approval of this settlement.  The Settlement Administrator will make reasonable efforts to obtain valid current addresses for Plaintiffs through the national change of address database, or other similar database, prior to sending the initial Notice of Settlement and thereafter as needed.

b.    Within five business days of receipt of the Contact Information, the Settlement Administrator shall create the Notices for each eligible Plaintiff.  Copies of said Notices will be delivered to Plaintiff and Defendant's Counsel via pdf for review and approval.

c.    Within five business (5) days after receipt of the Notices, the Settlement Administrator shall issue via U.S. Mail the Notice of Settlement ("Notice"), along with the Opt-in Form, and return envelopes in substantially the same form attached here to as Exhibit A to all eligible Plaintiffs, except for the Named Plaintiff who has already opted-in to the Settlement and is considered an "Opt-in Plaintiff" as defined below.  The Notice shall inform eligible Plaintiffs of their right to opt in to the settlement and the approximate

amount they are entitled to receive if they participate. The Settlement Administrator shall notify Plaintiff's and Defendant's counsel upon the mailing of the Notices.

d.      Plaintiffs will have a deadline of sixty (60) days from mailing in which to fully execute and return the Opt-In Form ("Opt-In Deadline"). Opt-In Forms must be postmarked by the Opt-In Deadline, which shall be specified in the Notice, to be timely. The Parties may jointly agree to extend the Deadline. In order to receive any payment under this Settlement Agreement, eligible Plaintiffs must timely and properly execute and return an Opt-In Form ("Opt-in Plaintiffs").

e.      Plaintiffs' Counsel will file with the Court all timely returned and properly executed Consent to Join pages from the Opt-In Forms.

f.      The Settlement Administrator will be responsible for creating a Qualified Settlement Fund.

g.      Payment of Plaintiffs' counsel's attorneys' fees and expenses, including costs of Settlement Administration, and payments to Named Plaintiff and all Opt-in Plaintiffs shall be made in three installments with the first installment made within 10 days of the close of the Opt-in Period, and the remaining installments on January 25, 2016, and June 26, 2016 ("Installment Payments"). Named Plaintiff's service award shall be paid in full within 10 days of the close of the Opt-in Period.

h.      In the event that an Opt-in Plaintiff's Settlement Allocation is not divisible into three equal parts, the final payment of an individual Opt-in Plaintiff's Settlement Allocation will be adjusted to ensure that all three payments total the final Settlement Allocation awarded to each Opt-in Plaintiff. For example, if an individual Opt-in Plaintiff's Settlement Allocation equaled $400, the Installment Payments would be as

follows: (i) $133.33 within 10 days of the close of the Opt-in Period; (ii) $133.33 on January 25, 2016; and, (iii) $133.34 on June 25, 2016.

      i.      Defendant shall pay the first full Installment Payment into the Qualified Settlement Account within three business days after the parties submit the settlement for approval or within three days from when the Qualified Settlement Account is set up and the payment instructions are provided to Defendant, whichever is later. This amount will be placed in the Qualified Settlement Account until it is determined if the settlement is approved. In the event the settlement is not approved for any reason, the funds shall be refunded to Defendant within 10 days of the Court's Order not approving the settlement. After the opt-in period has closed, if the total amount of the first Installment Payment is less than $130,000, the remainder shall be kept in the Qualified Settlement Account and applied towards future Installment Payments. Defendant shall pay ½ of the second and third Installment Payments into the Qualified Settlement Account within 30 days of the payment date (December 24, 2015, and May 26, 2016). The remaining ½ of the second and third Installment Payments shall be distributed into the Qualified Settlement Account within ten business days of the payment date.

      j.      The Settlement Administrator shall be responsible for issuing checks representing all payments due under this Settlement Agreement as set forth above in Paragraph 2 and identified on Exhibit B.

      k.      The back of the checks issued to each Opt-in Plaintiff will state as follows: "I agree to fully release Defendant from all my state and federal wage and hour claims arising from working as a Server at Smokehouse as set forth in the Settlement Agreement in *Looker v. Smokehouse*, Case No. 14-CV-00203."

l.      If any payments or notices to Plaintiffs are returned by the postal service as undeliverable, Defendant will assist Plaintiffs' Counsel and the Settlement Administrator in correcting any address errors, including providing Social Security Numbers for database searches (pursuant to the protections of this confidential information set forth in the Protective Order entered in *Looker v. Smokehouse*, Case No. 14-CV-00203) and the Notice and/or payment will be promptly re-mailed by the Settlement Administrator.

m.     Any checks paid to Opt-in Plaintiffs that are not cashed or collected within 90-days of the final Installment Payment will be sent to the Missouri Unclaimed Property Fund in accordance with the instructions set forth by the Missouri State Treasurer. (http://treasurer.mo.gov/UnclaimedProperty/ReportingUnclaimedProperty.aspx). The Settlement Administrator will work with the parties, and, if represented, the parties' counsel to deliver any uncashed or collected funds to the Unclaimed Property Fund, and agree to provide a report to the parties within ten (10) business days of the transfer, of the identity of Opt-in Plaintiffs who did not cash or collect their settlement checks, along with the amount of unclaimed funds.

5.     <u>Reversion to Defendant</u>. Any amount of the Settlement Fund allocated to Plaintiffs who do not opt in to the settlement will revert to Defendant following the Opt-in Period.

6.     <u>Release</u>.

    a.     <u>Named Plaintiff</u>:

        i.     In exchange for the payments (service award and settlement allocation) and promises set forth herein, the Named Plaintiff individually agrees to forever and fully release, acquit and forever discharge Defendant, as well as any and all of its past or present

officers, directors, shareholders, agents, employees, principals, heirs, representatives, accountants, auditors, consultants, attorneys, affiliates, subsidiaries, insurers, successors, predecessors, and assigns from all FLSA and Missouri State Law wage and hour claims, and liens, actions, causes of action, damages, injuries, expenses and all other compensation, brought or which could have been brought in this litigation, whether in tort, contract, or quantum meruit under federal, state, statutory or common law. Except that nothing in this Release shall prohibit Named Plaintiff from enforcing this Settlement Agreement or the personal guaranties, including filing an Amended Complaint, as set forth below in Paragraph 7.

ii.  In exchange for the Settlement Fund and promises set forth herein, the Named Plaintiff, on behalf of the Collective Action members, agrees to forever and fully release Defendant, as well as any and all of its past or present officers, directors, shareholders, agents, employees, principals, heirs, representatives, accountants, auditors, consultants, attorneys, affiliates, subsidiaries, insurers, successors, predecessors, and assigns from all claims, liens, actions, causes of action, damages, injuries or expenses, arising from or relating to the Fair Labor Standards Act or other federal and state wage and hour laws, brought or which could have been brought in this litigation,

that relate to their employment as a Server for Defendant during the Class Period of August 15, 2011 to August 15, 2014.

b.     <u>Opt-in Plaintiff</u>: Each Opt-in Plaintiff (except for Named Plaintiff) shall forever and fully release Defendant, as well as any and all of its past or present officers, directors, shareholders, agents, employees, principals, heirs, representatives, accountants, auditors, consultants, attorneys, affiliates, subsidiaries, insurers, successors, predecessors, and assigns from all claims, liens, actions, causes of action, damages, injuries, or expenses, arising from or relating to the Fair Labor Standards Act or other federal and state wage and hour laws, brought or which could have been brought in this litigation, that relate to their employment as a Server for Defendant during the Class Period of August 15, 2011 to August 15, 2014.

c.     Eligible Opt-in Plaintiffs who do not participate in the settlement will not release claims.

7.     <u>Securities</u>: In exchange for the Installment Payments, the Settlement Fund, will be secured as follows:

a.     The principal/owner and/or manager of Defendant – Darioush Ghasemi and Joshua Ghasemi – have agreed to execute personal guarantees in the full amount of the Settlement Fund to cover any sums remaining due from the agreed Settlement Fund in case of default on payments due as outlined in paragraphs 1, 4 and 5. In the event of default and entry of the stipulated judgment, Plaintiff agrees to only move for collection of any amounts remaining due on the Settlement Fund after reduction of (a) awards due to potential Plaintiffs who choose not to opt in and (b) amounts paid prior to the default. True and correct copies of these signed personal guarantees are attached hereto as Exhibit C.

b.       Plaintiffs shall also be granted a second priority security interest in the Independence property located at 19000 E. 39th Street, Independence, MO 64057, as set forth in Exhibit D, which is a Deed of Trust ("DOT") that secures this Settlement Agreement. Said DOT is dated June 25, 2015, and conveys the following described property located in Jackson County, Missouri: Lot 2A, INDEPENDENCE COMMONS, a subdivision in Independence, Jackson County, Missouri; commonly known as: 19000 E 39th Street, Independence, MO 64057. Plaintiffs agree not to foreclose on the property identified in Exhibit D unless personal guarantors – Darioush Ghasemi and Joshua Ghasemi -- fail to satisfy their personal guaranties by paying any amounts that are past due under the Settlement Agreement within ten business days of a default by Smokehouse. Plaintiffs further agree to only move for collection of any amounts remaining due on the Settlement Fund after reduction of (a) awards due to potential Plaintiffs who choose not to opt in and (b) amounts paid prior to the default.

c.       The parties further agree that upon a breach of this Settlement Agreement by Defendant, including a failure to timely make any Installment Payments, Plaintiffs shall be entitled to entry of a Stipulated Judgment against Defendant, Joshua Ghasemi and Darioush Ghasemi for the full amount of the Settlement Fund.  In the event of default and entry of the Stipulated Judgment, Plaintiff agrees to only move for collection of any amounts remaining due on the Settlement Fund after reduction of (a) awards due to potential Plaintiffs who choose not to opt in and (b) amounts paid prior to the default.  To effectuate this right, the parties agree as follows:

i.   Plaintiffs shall file the Second Amended Complaint which names individual guarantors as Defendants, and asserts a claim for breach

of contract in the same or substantially the same form as Exhibit E. Defendant and individual guarantors Joshua Ghasemi and Darioush Ghasemi expressly agree to the filing of a Second Amended Complaint, in the same or substantially the same form as Exhibit E, and represent that Plaintiff's Motion for Leave to File a Second Amended Complaint, attached hereto as Exhibit F is unopposed.

ii.   Defendant further agrees to sign a written consent of filing pursuant to Federal Rule of Civil Procedure 15(a)(2). A signed copy of the same is attached hereto as Exhibit G.

iii.  Individual guarantors Joshua Ghasemi and Darioush Ghasemi expressly agree to the filing of the Second Amended Complaint and waive formal service of the same, other than before or simultaneously with filing, a copy will be provided to Defendant Smokehouse's counsel and, if unrepresented, to Joshua Ghasemi at Smokehouse BBQ, Inc., 104 NE 72nd Street, Suite J, Gladstone, MO 64118. Copies of individual guarantors Joshua Ghasemi and Darioush Ghasemi's executed waiver of formal service of summons forms are attached hereto as Exhibit H, and, if needed due to default, will be dated by Plaintiff's counsel to reflect the date the Second Amended Complaint is filed, and a copy will be provided to Defendant as set forth above in this subparagraph iii.

iv. Defendant and individual guarantors Joshua Ghasemi and Darioush Ghasemi further approve of and agree to the Stipulation For Entry of Final Judgment (Exhibit I), and Stipulated Judgment (Exhibit J). Said Stipulations shall only be filed and entered upon by the Court by motion of either party or upon the Court's own action, and without further notice other than before or simultaneously with filing a copy will be provided to Defendant Smokehouse's counsel and, if unrepresented, to Joshua Ghasemi at Smokehouse BBQ, Inc., 104 NE 72nd Street, Suite J, Gladstone, MO 64118, provided that Defendant Smokehouse has defaulted on any of the Installment Payments as set forth in this Settlement Agreement.

8.      <u>Remediation</u>. No later than March 1, 2015, Defendant agrees to remediate its pay practices by implementing policies and practices to ensure that servers are not spending more than 20% of their time in non-tip producing activities, and that proper minimum wage is paid to servers.

9.      <u>Confidentiality</u>.  It is further expressly understood and agreed that as additional consideration for the payment set forth herein, the Parties agree that neither they nor their attorneys, nor their representatives shall without prior consent of the other party, reveal to any person or entity other than their attorneys, tax advisors, or spouse, the terms of this Settlement, other than to say, **"The matter has been resolved."**  Except that this provision does not preclude disclosure of the terms of this Settlement as needed in finalizing the Settlement or claims payments in this matter, including the filing of any stipulated judgment or payment to the Unclaimed Property Fund, as needed in future litigation regarding fees earned in prior cases, or as may otherwise be required by law.

10. <u>No Admission of Liability or Appropriateness of Class Treatment</u>. By entering into this Settlement Agreement, Defendant admits no liability of any kind, and Defendant expressly denies any liability or wrongdoing. Accordingly, the parties agree that none of them have prevailed nor shall this Settlement Agreement be construed as evidence that any party has prevailed in this matter. The parties further agree that this Settlement Agreement does not constitute a determination or admission that any group of similarly situated employees exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure. Should for some reason the settlement not become final, the fact that Defendant was willing to stipulate to class certification as part of this settlement shall have no bearing on and shall not be admissible in connection with the issue of whether a class should be certified in a non-settlement context in this action. Defendant reserves the right to oppose class certification should this settlement not become final. This Settlement Agreement shall not be admissible in any court or other proceeding except as necessary in connection with a claim of breach of this Settlement Agreement or an effort to enforce this Settlement Agreement.

11. <u>Inquiries</u>. In the event Plaintiffs' counsel receives any inquiries from individuals not covered by this settlement with respect to potential wage and hour claims against Defendant, Plaintiffs' counsel shall notify counsel for Defendant of any such claims before instituting any legal proceeding. To the extent consistent with their legal and ethical obligations, Plaintiffs' counsel will attempt to resolve any disputes informally prior to initiating any legal proceeding. The parties will consider resolving any prospective claims involving wage and hour disputes for servers on terms consistent with the resolution of class member claims under this Settlement.

12. <u>Agreement to Dismiss</u>. In connection with final approval of the settlement, Named Plaintiff will dismiss, with prejudice, all claims in the Lawsuit, except that the Court will retain

continuing jurisdiction over the matter for purposes of processing this settlement, as set forth in Paragraph 13. *See* proposed Order attached hereto as Exhibit K.

13. <u>Continuing Jurisdiction</u>. The Court shall retain continuing and exclusive jurisdiction over the parties to this Settlement Agreement for the purpose of the administration and enforcement of this Settlement Agreement. Any dispute, challenge, question, or the like relating to this Settlement Agreement, including the enforcement mechanisms set forth in Paragraph 7, shall be heard only by this Court.

14. <u>Choice of Law</u>. The enforcement of this Settlement Agreement shall be governed and interpreted by and under the laws of the State of Missouri.

15. <u>Extension of Time</u>. The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court.

16. <u>No Waivers, Modifications, Amendments</u>. No waiver, modification or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such party, notwithstanding such failure to require strict performance, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

17. <u>Agreement to Cooperate/Severability</u>. The parties acknowledge that it is their intent to consummate this settlement, and they agree to cooperate to the extent necessary to

effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement.

18. <u>Sole and Entire Agreement</u>. This Settlement Agreement constitutes the entire agreement of the parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Settlement Agreement.

19. <u>Counterparts</u>. This Settlement Agreement shall become effective upon its execution, subject to subsequent Court approval. The parties may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Named Plaintiff and Defendant had signed the same instrument. Any signature made and transmitted by facsimile for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall be binding upon the signing party.

20. <u>Corporate Signatories</u>. Each counsel or other person executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so. Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all parties hereto that such person is duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

21. <u>Captions</u>. The captions or headings of the paragraphs in this Settlement Agreement are inserted for convenience or reference only and shall have no effect upon the construction of interpretation of any part of this Settlement Agreement.

**THE REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK**

Case 4:14-cv-00203-DW   Document 78-1   Filed 06/25/15   Page 19 of 107

Date: 5-4-15

**Named Plaintiff**

By: _William B. Looker_
Name: William Looker

**Smokehouse BBQ, Inc.**

Date: _____

By: _____
Name: _____
Title: _____

**Joshua Ghasemi**

Date: _____

By: _____
Name: Joshua Ghasemi

**Darioush Ghasemi**

Date: _____

By: _____
Name: Darioush Ghasemi

**Named Plaintiff**

Date: _____

By: _____
Name: <u>William Looker</u>

**Smokehouse BBQ, Inc.**

Date: _____

By: _____
Name: _____
Title: _____

**Joshua Ghasemi**

Date: _____

By: _____
Name: <u>Joshua Ghasemi</u>

**Darioush Ghasemi**

Date: _____

By: _____
Name: <u>Darioush Ghasemi</u>

## INDEX OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | Notice of Settlement and Consent to Join Form |
| B | Individual Settlement Awards |
| C | Personal Guaranties |
| D | Security Interest Documents |
| E | Second Amended Complaint |
| F | Motion for Leave to File Second Amended Complaint |
| G | Consent to File Second Amended Complaint |
| H | Executed Waiver of Service of Summons Forms |
| I | Stipulation for Entry of Judgment |
| J | Stipulated Judgment |
| K | Proposed Order |

# EXHIBIT A

## NOTICE OF SETTLEMENT

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE ENTITLED TO
MONEY FROM A SETTLEMENT WITH SMOKEHOUSE BBQ, INC.
<u>YOU MUST TAKE ACTION BY [INSERT DATE] TO RECEIVE PAYMENT.</u>**

# This Notice affects your rights.
# Please read it carefully.

**This is not a solicitation from a lawyer. The United States District Court
for the Western District of Missouri has authorized this Notice.**

**TO:** «First_Name» «Last_Name»

**RE:** **Settlement of Claims for Alleged Unpaid Pay and All Related Claims for Relief**

- This Notice of Settlement is to inform you that Smokehouse BBQ, Inc. ("Smokehouse") has agreed to settle a tip credit collective action lawsuit filed by Plaintiffs claiming that Smokehouse violated the Fair Labor Standards Act ("FLSA") and Missouri Minimum Wage Law ("MMWL") by failing to properly apply the tip credit and pay minimum wage.

- The Court has allowed the lawsuit to be certified as a collective action on behalf of the 343 Servers employed by Smokehouse from August 15, 2011 to August 15, 2014.

- You are receiving this Notice as you have been identified as a Server who worked during the Class Period. This Notice is to inform you about the status of the lawsuit, including your right to receive a share of the settlement funds.

| Your Legal Rights and Options in this Lawsuit ||
|---|---|
| **Do Nothing.** | If you choose to do nothing you will not be considered a part of this lawsuit and not subject to the judgment. This lawsuit and settlement will have no effect on you. |
| **Participate** | If you wish to participate in this settlement, you must return the attached Consent to Join form no later than **INSERT DATE.** |

**PLEASE DO NOT CONTACT THE COURT CLERK REGARDING THIS MATTER.**

# I. DESCRIPTION OF THE LAWSUIT

On March 4, 2014, Plaintiffs filed a Complaint in the United States District Court for the Western District of Missouri on behalf of themselves and all similarly situated Servers employed at Smokehouse alleging that Smokehouse failed to properly apply the tip credit, and failed to pay its Servers minimum wage. Plaintiffs sought back pay for non-payment of wages, as well as interest, liquidated damages and attorneys' fees. While Smokehouse denies the allegations in Plaintiffs' Complaint, in order to avoid costly and time-consuming litigation, the parties have agreed to a settlement that provides for direct monetary payments to the class members in this action. Smokehouse has also agreed to pay minimum wage to Servers going forward, as well as remediate its tip-credit practices. The attorneys for Plaintiffs believe that the Settlement described below is fair, adequate, reasonable, and in the best interests of the Settlement Class. On [INSERT DATE], the Court approved the Settlement.

This Notice is being sent to you because Smokehouse's records indicate that you were employed as a Server between August 15, 2011 to August 15, 2014 and have not yet opted-in to this case. As such, if you elect to participate in this Settlement, you will receive a payment in the gross amount of **«Settlement_Amount»**, less applicable withholdings. **To obtain payment under this Settlement, potential Plaintiffs, like you, must fully complete and timely return the Consent to Join Form attached to this Notice.**

# II. SETTLEMENT

Through this Settlement, all Eligible Plaintiffs shall receive a pro-rata portion of the Settlement Fund, after payment of attorneys' fees and costs. The individual settlement amounts were determined and will be distributed *pro rata* based on the total number of weeks each class member worked between August 15, 2011 to August 15, 2014 (the Class Period), including the number of weeks worked after the alleged remediation and opt-in status prior to mediation.

Settlement Payments will be made in three installments on or about 10 days from the close of the Opt-in Period, January 25, 2016, and June 26, 2016. ("Installment Payment"). One-half of each of the Installment Payment is considered wages and shall be subject to the withholding of all applicable local, state, and federal taxes. The remaining one-half payment is considered liquidated damages and you will be responsible for paying the appropriate taxes on said amount. <u>Please consult with your accountant or other tax advisor regarding the tax consequences of the settlement amount paid to you.</u>

Under this Settlement, Plaintiffs' Counsel will recover compensation from the Settlement Fund. Participating Plaintiffs will not be required to make any payments for attorneys' fees or other litigation costs from their individual settlement amounts.

You have two options in responding to this Notice:

**1.** To participate in this Settlement and secure the gross Settlement Payment set forth above you must properly execute and timely return the Consent to Join Form attached to this Notice. This form must be returned via mail, fax, or email to:

Smokehouse BBQ Tip Credit Litigation
c/o Dahl Administration
P.O. Box 3614
Minneapolis, MN 55403-0614

**no later than sixty (60) days from the date of mailing, [INSERT DATE], for you to participate in this Settlement**. To ensure your participation, you are advised to track delivery and confirm receipt with the settlement administrator.

2.      If you do not complete and timely return the Consent to Join Form attached to this Notice you will not be a part of this action and you will not be subject to the judgment. The lawsuit and settlement will have no effect on you. Because of the operative statute of limitations applicable to this case, and because you have not opted-in to the litigation, if you do not join this settlement you may lose any right, if such a right exists, to recover in the future for these claims.

## III.    SCOPE OF THE RELEASE FOR PARTICIPATING PLAINTIFFS

As described above, in order to participate in this Settlement and receive payment you must execute the Consent to Join Form attached hereto and return it in the manner and timeframe set forth in this Notice. If you do so, you will opt-in to this lawsuit as a Plaintiff and become eligible for payment under the Settlement agreed to in this matter. In addition, as a condition for paying the Settlement Amount, each and every Opt-in Plaintiff class member agrees to forever and fully release Smokehouse, as well as any and all of its past or present officers, directors, shareholders, agents, employees, principals, heirs, representatives, accountants, auditors, consultants, attorneys, affiliates, subsidiaries, insurers, successors, predecessors, and assigns from all claims, liens, actions, causes of action, damages, injuries, or expenses, arising from or relating to the Fair Labor Standards Act or other federal and state wage and hour laws, brought or which could have been brought in this litigation, that relate to their employment as a Server for Smokehouse during the class period of August 15, 2011 to August 15, 2014.

## IV.    QUESTIONS

All Eligible Plaintiffs who have not already opted-in to this litigation will receive this Notice. Questions about the lawsuit and settlement should be directed to Plaintiffs' counsel: Virginia Stevens Crimmins or Laura C. Fellows, Crimmins Law Firm LLC, 214 S. Spring Street, Independence, MO 64050 (855-974-0777 or info@crimminslawfirm.com) or Nicole Fisher, Fisher Law LLC, 1000 Broadway Blvd., #400, Kansas City, MO 64105 (info@fisherlawkc.com).

## V.    CORRECTIONS TO NAME OR ADDRESS

If you need to make changes or corrections to your name, address, or update your contact information, you can complete the change of information section on the Consent to Join Form or contact the Settlement Administrator at Smokehouse BBQ Tip Credit Litigation c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614. **If you elect to participate you will be responsible for updating the Settlement Administrator about any address changes to timely ensure payment of your Installment Payments.**

**PLEASE DO NOT CONTACT THE COURT CLERK REGARDING THIS MATTER.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| WILLIAM R. LOOKER, III, On behalf of<br>himself and all others similarly situated | )<br>)<br>) |
|     Plaintiff, | ) |
| vs. | )     Case No. 4:14-CV00203-DW |
| | ) |
| SMOKEHOUSE BBQ, INC. d/b/a<br>SMOKEHOUSE BAR-B-QUE, | )<br>) |
| | ) |
|     Defendant. | ) |

**CONSENT TO BECOME A PARTY PLAINTIFF**

Fair Labor Standards Act of 1938, 29 U S C § 216(b)

I hereby consent to be a party plaintiff seeking unpaid wages against Smokehouse BBQ, Inc. d/b/a Smokehouse Bar-B-Que ("Smokehouse") in the above-captioned matter and agree to be bound by the terms of the settlement agreement. For purposes of pursuing my unpaid wage claims against Smokehouse, I choose to be represented by Crimmins Law Firm LLC, Wright & Fisher, LLC and other attorneys with whom they may associate.

Date: _____

Printed Name: «First_Name» «Last_Name»

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**PLEASE PROVIDE UPDATES OR CORRECTIONS TO YOUR CONTACT INFORMATION.**
**THIS SECTION WILL NOT BE FILED WITH THE COURT**

| CURRENT INFORMATION: | UPDATED INFORMATION: |
|---|---|
| NAME: «FIRST_NAME» «LAST_NAME» | NAME: _____ |
| ADDRESS: «STREET» | ADDRESS: _____ |
|     «STREET» | _____ |
|     «CITY», «STATE» «ZIP» | _____ |
| PHONE: «PHONE» | PHONE: _____ |
| EMAIL: «EMAIL» | EMAIL: _____ |

# EXHIBIT B

| Employee | Also Known As | Min Payment | Stlmt Allocation | Total Award |
|---|---|---|---|---|
| Acosta, Nataliya | | $15.00 | $24.78 | $39.78 |
| Adams, Kandis | | $15.00 | $57.19 | $72.19 |
| Addington, Kandy | | $15.00 | $133.43 | $148.43 |
| Alley, Nicholas | | $15.00 | $17.16 | $32.16 |
| Amundsen, Ryan | | $15.00 | $173.46 | $188.46 |
| Anders, Janessa | | $15.00 | $285.93 | $300.93 |
| Arrieta, Bryant | Arrieta Arenivar, Briant | $15.00 | $495.61 | $510.61 |
| Asefi, Omar | | $15.00 | $1,069.38 | $1,084.38 |
| Austin (Schumer), Carrie | Schumer, Carrie | $15.00 | $667.17 | $682.17 |
| Bachman, Kelsi | | $15.00 | $493.71 | $508.71 |
| Bailey, Robert | Bailey III, Robert | $15.00 | $38.12 | $53.12 |
| Baldwin, Mary | | $15.00 | $2,800.22 | $2,815.22 |
| Ball, Tara | | $15.00 | $1,258.10 | $1,273.10 |
| Barber, James | | $15.00 | $362.18 | $377.18 |
| Battaglia, Keriann | | $15.00 | $446.05 | $461.05 |
| Baumgartner, Elvenia | | $15.00 | $245.33 | $260.33 |
| Beckerdite, Channing | | $15.00 | $533.74 | $548.74 |
| Beets, Kaitlyn | | $15.00 | $1,001.14 | $1,016.14 |
| Befort, Andrew | | $15.00 | $17.16 | $32.16 |
| Bell, Amanda | | $15.00 | $1,677.46 | $1,692.46 |
| Berch, Zebulan | | $15.00 | $1,115.13 | $1,130.13 |
| Best, Sandra | | $15.00 | $497.52 | $512.52 |
| Biersmith, Jacqueline | Biersmith, Jacqeline | $15.00 | $148.68 | $163.68 |
| Biggs, Jordan | | $15.00 | $76.25 | $91.25 |
| Blair, Kandis | | $15.00 | $19.06 | $34.06 |
| Blakey, Sicily | | $15.00 | $38.12 | $53.12 |
| Blankenship, Melissa | | $15.00 | $1,012.20 | $1,027.20 |
| Blaylock, Sumer | Blaylock, Summer | $15.00 | $57.19 | $72.19 |
| Block, Grady | | $15.00 | $619.52 | $634.52 |
| Bolden, gregory | | $15.00 | $49.56 | $64.56 |

| Employee | Also Known As | Min Payment | Stlmt Allocation | Total Award |
|---|---|---|---|---|
| Bolls, Sarah | | $15.00 | $520.39 | $535.39 |
| Bonner, Lisa | | $15.00 | $19.06 | $34.06 |
| Boudreaux, Rene | | $15.00 | $935.95 | $950.95 |
| Bourque, Sarah | Bourqe, Sarah | $15.00 | $476.55 | $491.55 |
| Brasel, Joel | | $15.00 | $34.31 | $49.31 |
| Brigman, Glenda | | $15.00 | $1,982.46 | $1,997.46 |
| Brodie, Derrick | | $15.00 | $1,353.41 | $1,368.41 |
| Brown, Adrian | | $15.00 | $19.06 | $34.06 |
| Brown, Brandie | | $15.00 | $133.43 | $148.43 |
| Brown, Jodie | | $15.00 | $57.19 | $72.19 |
| Brown, Wyatt | | $15.00 | $1,372.85 | $1,387.85 |
| Budzene, Dustin | | $15.00 | $419.37 | $434.37 |
| Burns, Shannon | Burns, Shannon | $15.00 | $266.87 | $281.87 |
| Byers, Madison | | $15.00 | $693.86 | $708.86 |
| Cammisano, cassandra | | $15.00 | $38.12 | $53.12 |
| Cansler, Lacy | | $15.00 | $495.61 | $510.61 |
| Cantrell, Shawn | | $15.00 | $396.49 | $411.49 |
| Cantu, Felipe | | $15.00 | $362.18 | $377.18 |
| Carrillo, Cynthia | | $15.00 | $209.68 | $224.68 |
| Carter, Brett | | $15.00 | $38.12 | $53.12 |
| Carter, Zachary | | $15.00 | $533.74 | $548.74 |
| Cartwright, Sherri | | $15.00 | $19.06 | $34.06 |
| Case, Dustin | | $15.00 | $2,150.20 | $2,165.20 |
| Casey, John | | $15.00 | $24.78 | $39.78 |
| Castillo, Paloma | | $15.00 | $552.80 | $567.80 |
| Caviness, Holly | | $15.00 | $76.25 | $91.25 |
| Cherry, Troy | | $15.00 | $24.78 | $39.78 |
| Clarke, Kourtney | | $15.00 | $1,248.57 | $1,263.57 |
| Clarkson, jessica | | $15.00 | $362.18 | $377.18 |

| Employee | Also Known As | Min Payment | Stlmt Allocation | Total Award |
|----------|---------------|-------------|------------------|-------------|
| Coleman, Tann | Coleman, Tanna | $15.00 | $606.17 | $621.17 |
| Conard, Crystal | | $15.00 | $1,791.84 | $1,806.84 |
| Conklin, Jacquelin | | $15.00 | $495.61 | $510.61 |
| Cooper, Kuri | | $15.00 | $1,067.48 | $1,082.48 |
| Corley (Motelet), Kendra | Corley, Kendra | $15.00 | $2,409.45 | $2,424.45 |
| Cunningham, Sean | | $15.00 | $57.19 | $72.19 |
| Curatalo, Nicholas | Curatalo, Nick | $15.00 | $876.86 | $891.86 |
| Cutshaw, Trina | | $15.00 | $1,177.08 | $1,192.08 |
| Dabbs, Christoper | Dabbs, Christoph or Christophe | $15.00 | $1,143.72 | $1,158.72 |
| Dannar, Melissa | | $15.00 | $667.17 | $682.17 |
| Daringer, Nancy | | $15.00 | $1,759.43 | $1,774.43 |
| Donahue, Maureen | Donahue, Mareen | $15.00 | $19.06 | $34.06 |
| Doores (Bundy), Jessica | Bundy, Jessica; Doores, Jessi; Doores, Jessi | $15.00 | $2,169.26 | $2,184.26 |
| Dorsey, Kyle | Dorsy, Kyle | $15.00 | $228.74 | $243.74 |
| Doulat, Aktar | | $15.00 | $137.25 | $152.25 |
| Drew, Jacob | | $15.00 | $297.37 | $312.37 |
| Duisen, Kurt | | $15.00 | $152.50 | $167.50 |
| Dunkin, Bianca | | $15.00 | $1,277.16 | $1,292.16 |
| Dunn, Megan | | $15.00 | $51.47 | $66.47 |
| Eberhard, Elizabeth | | $15.00 | $1,277.16 | $1,292.16 |
| Edelman, Danielle | | $15.00 | $1,010.29 | $1,025.29 |
| Ehret, Thomas | | $15.00 | $569.96 | $584.96 |
| Eiberger, Daelen | | $15.00 | $34.31 | $49.31 |
| Eldridge, Alan | | $15.00 | $2,018.67 | $2,033.67 |
| Ellis, Caitlin | | $15.00 | $57.19 | $72.19 |
| Esenbock, Thomas | | $15.00 | $2,929.84 | $2,944.84 |
| Eslin, Heather | Fletcher, Heather | $15.00 | $531.83 | $546.83 |
| Eslin, Rebecca | | $15.00 | $114.37 | $129.37 |

| Employee | Also Known As | Min Payment | Stlmt Allocation | Total Award |
|---|---|---|---|---|
| Euwer, Catherine | | $15.00 | $1,239.03 | $1,254.03 |
| Fagan, Patrick | | $15.00 | $322.15 | $337.15 |
| Farah, Tabitha | | $15.00 | $419.37 | $434.37 |
| Farmer, Robert | | $15.00 | $781.55 | $796.55 |
| Farson, Taylor | | $15.00 | $743.42 | $758.42 |
| Ferguson, Brandon | | $15.00 | $3,518.86 | $3,533.86 |
| Finnell, Daron | | $15.00 | $362.18 | $377.18 |
| Fitch, Taylor | | $15.00 | $57.19 | $72.19 |
| Fowler, Donovan | | $15.00 | $493.71 | $508.71 |
| Frost, Kimberly | Frost, Kim | $15.00 | $171.56 | $186.56 |
| Fry, Traci | | $15.00 | $188.71 | $203.71 |
| Galich, Mikhail | | $15.00 | $1,162.79 | $1,177.79 |
| Gallo, Joseph | | $15.00 | $1,362.94 | $1,377.94 |
| Gann, Raphael | | $15.00 | $495.61 | $510.61 |
| Garcia, Omar | | $15.00 | $876.86 | $891.86 |
| Garcia, Sergio | | $15.00 | $1,774.68 | $1,789.68 |
| Gauert, Corbin (Cory) | Gauert, Cory | $15.00 | $152.50 | $167.50 |
| Gauf, Nathan | | $15.00 | $609.99 | $624.99 |
| Geckley, Matthew | Geckley, Mathew | $15.00 | $171.56 | $186.56 |
| Genau, Robert | | $15.00 | $529.93 | $544.93 |
| Generaux, Kristin | | $15.00 | $718.64 | $733.64 |
| Gercone, Gracie | | $15.00 | $2,195.95 | $2,210.95 |
| Gertler, Zachary | | $15.00 | $889.63 | $904.63 |
| Gilbert, Madison | | $15.00 | $953.10 | $968.10 |
| Gillies, Max | | $15.00 | $133.43 | $148.43 |
| Gilroy, Ira | | $15.00 | $114.37 | $129.37 |
| Gochenour, Laura | | $15.00 | $2,131.14 | $2,146.14 |

| Employee | Also Known As | Min Payment | Stlmt Allocation | Total Award |
|---|---|---|---|---|
| Gomez, Samuel | | $15.00 | $533.74 | $548.74 |
| Gould, Shane | | $15.00 | $114.37 | $129.37 |
| Graves, Jacqueline | Grawe, Jacqueline | $15.00 | $38.12 | $53.12 |
| Gregg, Kori | | $15.00 | $2,363.70 | $2,378.70 |
| Griffith, Christina | | $15.00 | $724.36 | $739.36 |
| Gudde, Stephanie | | $15.00 | $2,842.16 | $2,857.16 |
| Hall, Bryan | | $15.00 | $360.27 | $375.27 |
| Halstead (Stuart), Lauren | | $15.00 | $114.37 | $129.37 |
| Handera, Katelyn | | $15.00 | $457.49 | $472.49 |
| Harper, Cassandra | | $15.00 | $57.19 | $72.19 |
| Harris, Annette | | $15.00 | $724.36 | $739.36 |
| Harris, Tyler | | $15.00 | $266.87 | $281.87 |
| Hays, Debora | | $15.00 | $2,935.56 | $2,950.56 |
| Hays, Traci (Brenda) | | $15.00 | $131.53 | $146.53 |
| Hazlett, Cassie | | $15.00 | $2,731.60 | $2,746.60 |
| Hedrick, Mary | | $15.00 | $57.19 | $72.19 |
| Hein, Kelcie | | $15.00 | $285.93 | $300.93 |
| Henderson, Daniel | Henderson, daniel pa | $15.00 | $178.42 | $193.42 |
| Hendren, Corrie | | $15.00 | $209.68 | $224.68 |
| Hensley, Marie | | $15.00 | $123.90 | $138.90 |
| Hernandez, Jeniffer | Hernandez, Jennifer | $15.00 | $362.18 | $377.18 |
| Hertzog, Danielle | | $15.00 | $381.24 | $396.24 |
| Hickman, Bonnie | | $15.00 | $1,010.29 | $1,025.29 |
| Hill, Lauren | | $15.00 | $114.37 | $129.37 |
| Hines, Daniel | | $15.00 | $133.43 | $148.43 |
| Hobbs, Wanda | | $15.00 | $209.68 | $224.68 |
| Hochard, Ashley | | $15.00 | $2,192.14 | $2,207.14 |
| Hodges, Catherine | | $15.00 | $2,422.79 | $2,437.79 |

| Employee | Also Known As | Min Payment | Stlmt Allocation | Total Award |
|---|---|---|---|---|
| Hoffman, Bridget | | $15.00 | $85.78 | $100.78 |
| Holloway, Robert | | $15.00 | $2,918.40 | $2,933.40 |
| Holtz, Natasha | | $15.00 | $1,660.31 | $1,675.31 |
| Hooks, Martell | | $15.00 | $398.40 | $413.40 |
| Horsman, Ashley | | $15.00 | $57.19 | $72.19 |
| Huffmon, Joshua | | $15.00 | $76.25 | $91.25 |
| Huston, Amanda | | $15.00 | $17.16 | $32.16 |
| Ielouch, Tysier | | $15.00 | $2,655.35 | $2,670.35 |
| Jacks , Shannon | | $15.00 | $95.31 | $110.31 |
| Jackson, Alexander | | $15.00 | $1,341.97 | $1,356.97 |
| Jackson, Emily | | $15.00 | $480.36 | $495.36 |
| Jackson, Katy | | $15.00 | $381.24 | $396.24 |
| Jacobs, Natasha | | $15.00 | $1,850.93 | $1,865.93 |
| Jean, Makenzy | | $15.00 | $665.27 | $680.27 |
| Jeffers, Taylor | | $15.00 | $38.12 | $53.12 |
| Jester, Nicole | | $15.00 | $802.51 | $817.51 |
| Johnson, Elias | | $15.00 | $419.37 | $434.37 |
| Johnson, Jeremiah | | $15.00 | $49.56 | $64.56 |
| Johnson, Samuel | | $15.00 | $57.19 | $72.19 |
| Jones-Billings, Shannon | | $15.00 | $2,523.82 | $2,538.82 |
| Juarez, Anastasia | Juarez, Anna | $15.00 | $953.10 | $968.10 |
| Keene, Cory | | $15.00 | $718.64 | $733.64 |
| Keever, Bryanna | | $15.00 | $1,185.66 | $1,200.66 |
| Keller, Brittany | | $15.00 | $362.18 | $377.18 |
| Kennedy, Jessica | | $15.00 | $590.92 | $605.92 |
| Khizirpour, Hejir | | $15.00 | $152.50 | $167.50 |
| Kilman, hannah | | $15.00 | $838.73 | $853.73 |
| King, Amy | | $15.00 | $2,506.66 | $2,521.66 |
| King, Kasey | | $15.00 | $1,906.21 | $1,921.21 |
| Kinzler, Morgan | | $15.00 | $991.23 | $1,006.23 |

| Employee | Also Known As | Min Payment | Stlmt Allocation | Total Award |
|---|---|---|---|---|
| Kraybill, Eleanor | | $15.00 | $228.74 | $243.74 |
| Krska, Holly | | $15.00 | $495.61 | $510.61 |
| Kusch, Christina | | $15.00 | $512.77 | $527.77 |
| Lacey, Simone | | $15.00 | $152.50 | $167.50 |
| Ladwig, Randy | | $15.00 | $2,629.23 | $2,644.23 |
| Lakes, Stacey | | $15.00 | $1,982.46 | $1,997.46 |
| Lakey, Mallary | | $15.00 | $266.87 | $281.87 |
| Lakey, Terah | | $15.00 | $120.09 | $135.09 |
| Lamming, Hanna | | $15.00 | $1,239.03 | $1,254.03 |
| Landes, Zalie | | $15.00 | $1,298.13 | $1,313.13 |
| Larson, Brodie | | $15.00 | $838.73 | $853.73 |
| Lawler, Lisa | | $15.00 | $751.05 | $766.05 |
| Leuschke, Jessica | | $15.00 | $346.93 | $361.93 |
| Lewis, Kimberly | | $15.00 | $114.37 | $129.37 |
| Liggett, Anthony | | $15.00 | $120.09 | $135.09 |
| London, Patricia | | $15.00 | $322.15 | $337.15 |
| Looker, William | | $15.00 | $476.55 | $491.55 |
| Lopez-Ramirez, Seferina | Lopez, Seferina | $15.00 | $667.17 | $682.17 |
| Lowery, Christopher | Lowery, Christophe | $15.00 | $1,029.35 | $1,044.35 |
| Lowery, Hailey | | $15.00 | $223.03 | $238.03 |
| Lucas, Bryan | | $15.00 | $272.59 | $287.59 |
| Lyndell, Cody | | $15.00 | $545.18 | $560.18 |
| Madden, John | | $15.00 | $51.47 | $66.47 |
| Mallery, John | Mallory, John | $15.00 | $266.87 | $281.87 |
| Mallory, Krista | | $15.00 | $38.12 | $53.12 |
| Markt, Marley | | $15.00 | $1,467.78 | $1,482.78 |
| Martin, Terri | | $15.00 | $1,239.03 | $1,254.03 |
| Martinez, Gina | | $15.00 | $266.87 | $281.87 |
| Mashburn, Cathy | | $15.00 | $609.99 | $624.99 |
| Mason, Joel | | $15.00 | $240.37 | $255.37 |

| Employee | Also Known As | Min Payment | Stlmt Allocation | Total Award |
|---|---|---|---|---|
| Mathi, Brittnie | | $15.00 | $19.06 | $34.06 |
| Mcclain, Scarlett | | $15.00 | $228.74 | $243.74 |
| Mccleery, Megan | | $15.00 | $95.31 | $110.31 |
| Mccurley, Racheal | | $15.00 | $381.24 | $396.24 |
| Mcdavitt, Kristina | | $15.00 | $857.79 | $872.79 |
| Mckinney, Andy | | $15.00 | $1,639.34 | $1,654.34 |
| Melchor-Scholl, Sara | | $15.00 | $24.78 | $39.78 |
| Mesh, Savannah | | $15.00 | $102.94 | $117.94 |
| Meyer, Brooke | | $15.00 | $57.19 | $72.19 |
| Mitchell, Keith | | $15.00 | $324.06 | $339.06 |
| Moberly, Lauren | | $15.00 | $664.12 | $679.12 |
| Moore, Lynnda | | $15.00 | $19.06 | $34.06 |
| Moore, Timothy | Moore, Tim | $15.00 | $2,115.89 | $2,130.89 |
| Moradi, Amanda | | $15.00 | $2,049.17 | $2,064.17 |
| Morgan, Dennis | | $15.00 | $419.37 | $434.37 |
| Mullies, Daniel | | $15.00 | $1,675.56 | $1,690.56 |
| Munoz, Zachary | | $15.00 | $133.82 | $148.82 |
| N'Diaye, Andrew | Ndiaye, Andrew | $15.00 | $85.78 | $100.78 |
| Nebeker, david | | $15.00 | $535.26 | $550.26 |
| Nehama, Nickolas | Nehama, Nick | $15.00 | $533.74 | $548.74 |
| Nelson, Mark | Mark, Nelson | $15.00 | $85.78 | $100.78 |
| Newell, Ashley | | $15.00 | $986.27 | $1,001.27 |
| Nicholas, Amanda | | $15.00 | $495.61 | $510.61 |
| Nicholas, Angela | | $15.00 | $152.50 | $167.50 |
| Nichols, Debra | Nichols, Deb | $15.00 | $1,805.18 | $1,820.18 |
| Nichols, Sharon | | $15.00 | $2,880.28 | $2,895.28 |
| Noble, Deborah | | $15.00 | $608.08 | $623.08 |
| Novak, Thomas | Novak, Tommy | $15.00 | $57.19 | $72.19 |
| Nugent, Bryan | | $15.00 | $346.93 | $361.93 |

| Employee | Also Known As | Min Payment | Stlmt Allocation | Total Award |
|---|---|---|---|---|
| Nutt, Savannah | | $15.00 | $19.06 | $34.06 |
| Ogden, Ashley | | $15.00 | $365.99 | $380.99 |
| Olsen, Traci | | $15.00 | $404.12 | $419.12 |
| Oxborough, Jessica | | $15.00 | $171.56 | $186.56 |
| Palumbo, Nicole | | $15.00 | $2,693.47 | $2,708.47 |
| Parker, Hayley | | $15.00 | $114.37 | $129.37 |
| Perez, Lauren | | $15.00 | $322.15 | $337.15 |
| Phalp, Carolyn | | $15.00 | $1,010.29 | $1,025.29 |
| Pina, Courtney | Courtney, Pina | $15.00 | $1,868.08 | $1,883.08 |
| Pittman, Lucas | Pittman, Lucas J | $15.00 | $981.70 | $996.70 |
| Porter, Amy | Porter, Faith | $15.00 | $209.68 | $224.68 |
| Powers, Rachel | | $15.00 | $476.55 | $491.55 |
| Preisig, Stephen | | $15.00 | $266.87 | $281.87 |
| Price, Nakita | | $15.00 | $247.81 | $262.81 |
| Puma, Marissa | | $15.00 | $571.86 | $586.86 |
| Purnell, Michael | | $15.00 | $533.74 | $548.74 |
| Raja, Ali | | $15.00 | $95.31 | $110.31 |
| Raouf, Christopher | Raouf, Chris; Raouf, Christop | $15.00 | $1,033.16 | $1,048.16 |
| Reed, Sarah | | $15.00 | $2,624.85 | $2,639.85 |
| Ripple, Danielle | | $15.00 | $19.06 | $34.06 |
| Robison, Kyle | | $15.00 | $2,014.86 | $2,029.86 |
| Rock, Casey | | $15.00 | $247.81 | $262.81 |
| Rodriguez Sanchez, Idaliz | Sanchez, Idaliz | $15.00 | $247.81 | $262.81 |
| Roesle, Aaron | | $15.00 | $76.25 | $91.25 |
| Rogers, Jeremy | | $15.00 | $38.12 | $53.12 |
| Rooks, Makayla | | $15.00 | $345.02 | $360.02 |
| Rooney, Alexis | | $15.00 | $137.25 | $152.25 |
| Ross, Autumn | | $15.00 | $95.31 | $110.31 |
| Rotent, David | Rotert, David | $15.00 | $1,029.35 | $1,044.35 |
| Runde, Abby | | $15.00 | $1,566.90 | $1,581.90 |

| Employee | Also Known As | Min Payment | Stlmt Allocation | Total Award |
|---|---|---|---|---|
| Ruppert, Jessica | | $15.00 | $114.37 | $129.37 |
| Sachs, Stephanie | | $15.00 | $972.17 | $987.17 |
| Said, Sean | | $15.00 | $49.56 | $64.56 |
| Samm, Sierra | | $15.00 | $2,845.97 | $2,860.97 |
| Sapp, Lindsey | | $15.00 | $267.63 | $282.63 |
| Scammell, Patrick | | $15.00 | $1,583.49 | $1,598.49 |
| Schmidt, Meredith | Schmidt., Meredith | $15.00 | $457.49 | $472.49 |
| Schrader, Christopher | Schrader., Christopher | $15.00 | $171.56 | $186.56 |
| Schubach, Charles | | $15.00 | $38.12 | $53.12 |
| Selleck, Stevie | | $15.00 | $171.56 | $186.56 |
| Shonamon, Haeli | | $15.00 | $1,658.40 | $1,673.40 |
| Simms, Effie | | $15.00 | $34.31 | $49.31 |
| Singleton, Dawnetta | | $15.00 | $57.19 | $72.19 |
| Skinner, Alexander | | $15.00 | $762.48 | $777.48 |
| Slatinsky, Kayla | | $15.00 | $869.80 | $884.80 |
| Sloan, Amy | | $15.00 | $1,585.96 | $1,600.96 |
| Sloan, Jake | | $15.00 | $178.42 | $193.42 |
| Smith, Bridget | | $15.00 | $436.52 | $451.52 |
| Smith, Brittany | | $15.00 | $76.25 | $91.25 |
| Smith, Jordan | | $15.00 | $2,154.01 | $2,169.01 |
| Smith, Karen | | $15.00 | $2,792.59 | $2,807.59 |
| Smith, Katheleen | Smith, Kathleen | $15.00 | $266.87 | $281.87 |
| Smith, Melinda | | $15.00 | $457.49 | $472.49 |
| Smith, Shannon | | $15.00 | $762.48 | $777.48 |
| Smith, Teresa | | $15.00 | $99.12 | $114.12 |
| Stefanatos, Garrett | | $15.00 | $51.47 | $66.47 |
| Stephens, Casey | | $15.00 | $819.67 | $834.67 |
| Stephens, Shelby | | $15.00 | $95.31 | $110.31 |
| Stevenson, Rachel | | $15.00 | $152.50 | $167.50 |
| Stewart, Jessica | | $15.00 | $1,906.21 | $1,921.21 |

| Employee | Also Known As | Min Payment | Stlmt Allocation | Total Award |
|---|---|---|---|---|
| Stodghill, Seth | | $15.00 | $1,010.29 | $1,025.29 |
| Stodghill, Tina | | $15.00 | $1,410.59 | $1,425.59 |
| Sulkowski, Natalie | | $15.00 | $148.68 | $163.68 |
| Sullivan, Staci | | $15.00 | $876.86 | $891.86 |
| Summers, Stephanie | | $15.00 | $76.25 | $91.25 |
| Sweeten, Tyler | | $15.00 | $2,656.49 | $2,671.49 |
| Tebo, Ashley | | $15.00 | $1,105.60 | $1,120.60 |
| Thompson, Stephanie | | $15.00 | $249.71 | $264.71 |
| Thrasher, Jessie | | $15.00 | $669.08 | $684.08 |
| Tilton, Taylor | | $15.00 | $972.17 | $987.17 |
| Todd, Amanda | | $15.00 | $38.12 | $53.12 |
| Trager, Emily | | $15.00 | $193.29 | $208.29 |
| Troiola, Angelo | | $15.00 | $1,214.25 | $1,229.25 |
| Tubbs, Adam | | $15.00 | $400.30 | $415.30 |
| Vacha, Theresa | | $15.00 | $190.62 | $205.62 |
| Valdepena, Jacqueline | | $15.00 | $417.46 | $432.46 |
| Vandenberg, janice | | $15.00 | $57.19 | $72.19 |
| Verhaeghe, Bernard | | $15.00 | $569.96 | $584.96 |
| Viers, Parker | | $15.00 | $1,889.05 | $1,904.05 |
| Villalobos, Mark | | $15.00 | $1,351.50 | $1,366.50 |
| Vittetoe, Sarah | | $15.00 | $76.25 | $91.25 |
| Wade, Kelly | | $15.00 | $95.31 | $110.31 |
| Wahlen, Mariah | | $15.00 | $171.56 | $186.56 |
| Wallace, Kirsten | | $15.00 | $173.46 | $188.46 |
| Wallace, Nicholas | | $15.00 | $2,552.41 | $2,567.41 |
| Warfield, Scott | | $15.00 | $457.49 | $472.49 |
| Wasson, Kristian | | $15.00 | $76.25 | $91.25 |
| Watkins, Laura | | $15.00 | $148.68 | $163.68 |
| Watson, Jessica | | $15.00 | $19.06 | $34.06 |
| Watson, Jolyn | | $15.00 | $743.42 | $758.42 |
| Webb, Zachary | | $15.00 | $535.26 | $550.26 |

| Employee | Also Known As | Min Payment | Stlmt Allocation | Total Award |
|---|---|---|---|---|
| Wheeler, ashley | | $15.00 | $275.07 | $290.07 |
| White, Samuel | | $15.00 | $381.24 | $396.24 |
| Whitmer, Carl | Whitmer, james Car | $15.00 | $274.49 | $289.49 |
| Willer, Elizabeth | Willer, Elizabet | $15.00 | $381.24 | $396.24 |
| Willer, Matthew | | $15.00 | $3,722.06 | $3,737.06 |
| Williams, Donnell | | $15.00 | $19.06 | $34.06 |
| Wilson, Lauren | | $15.00 | $1,031.26 | $1,046.26 |
| Wilson, Mackenzie | Wilson, Makenzie | $15.00 | $514.68 | $529.68 |
| Wilson, Sean | | $15.00 | $247.81 | $262.81 |
| Windsor, austin | | $15.00 | $2,403.73 | $2,418.73 |
| Winstead, Lauren | | $15.00 | $343.12 | $358.12 |
| Wood, Carrie | | $15.00 | $514.68 | $529.68 |
| Woods, Christopher | Woods, Chris | $15.00 | $1,048.41 | $1,063.41 |
| Woods, Sheri (Roxanne) | Woods, Roxanne | $15.00 | $285.93 | $300.93 |
| Worrell, Denise | | $15.00 | $2,880.28 | $2,895.28 |
| Worthington, Pamela | Worthington, Pam | $15.00 | $1,601.21 | $1,616.21 |
| Wright, Steven | | $15.00 | $2,880.28 | $2,895.28 |
| Wyse, Daniel | | $15.00 | $34.31 | $49.31 |
| Yakle, Derek | | $15.00 | $892.11 | $907.11 |
| Zeliff, Ryan | | $15.00 | $304.99 | $319.99 |
| Zungura, Obed | | $15.00 | $152.50 | $167.50 |
| **Total** | | **$5,145.00** | **$247,250.00** | **$252,395.00** |

# EXHIBIT C

## PERSONAL GUARANTY AGREEMENT

**THIS GUARANTY AGREEMENT** ("Guaranty") made and agreed to on January 15, 2015, and executed on this 25ᵗʰ day of _June_, 2015, by Darioush Ghasemi ("Guarantor"), in favor of William Looker, individually and on behalf of other similarly situated servers ("Plaintiffs").

**WHEREAS,** on March 4, 2014, William Looker (the "Named Plaintiff") filed a collective action lawsuit on behalf of himself and similarly situated employees pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") against Smokehouse BBQ, Inc. ("Defendant" or "Smokehouse") in the case of *William Looker, et al., individually and on behalf of other similarly situated persons v. Smokehouse BBQ, Inc.*, Case No. 4:14-CV-00203, filed in the United States District Court for the Western District of Missouri (the "Lawsuit");

**WHEREAS,** on January 15, 2015, the parties reached an agreement to settle the Lawsuit, which included the fact that the Settlement Fund would be secured by a personal guarantee of Darioush Ghasemi and Joshua Ghasemi;

**WHEREAS,** under the Settlement Agreement and Release of Claims ("Settlement Agreement"), Named Plaintiff agreed to allow Smokehouse to make Installment Payments of the $390,000 Settlement Fund to the Opt-in Plaintiffs; and

**WHEREAS,** it is a condition precedent to the agreement to allow Smokehouse to make Installment Payments pursuant to the terms of the Settlement Agreement, that Guarantor shall execute and deliver this Guaranty Agreement and guarantee Smokehouse's obligations under the Settlement Agreement.

**THEREFORE,** in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantor hereby agrees as follows:

1. Guarantor hereby irrevocably, absolutely and unconditionally guarantees to Named Plaintiff, and the Opt-in Plaintiffs, along with their successors and assigns, for the prompt and complete payment when due, of all sums due under, and all of Smokehouse's obligations pursuant to, the Settlement Agreement, including without limitation all Installment Payments due under the Settlement Agreement. This Guaranty is and shall be construed to be absolute, unlimited and a continuing guarantee of payment. No invalidity, irregularity or unenforceability of, lack of prior enforcement of, delay in enforcement of, or failure to preserve or enforce, Plaintiffs' rights under the Settlement Agreement shall affect, impair or be a defense to this Guaranty. This Guaranty is and shall remain a primary obligation of Guarantor until Smokehouse's obligations under the Settlement Agreement are fulfilled.

2. Plaintiffs may, without affecting the validity or continuing effect of this Guaranty, amend, extend or otherwise modify the terms of the Settlement Agreement set forth therein upon mutual agreement with Smokehouse.

3. In the event of a default by Smokehouse in the payment of any obligation due under the Settlement Agreement, Guarantor shall, without further notice of dishonor, pay the amount due to Plaintiffs, and it shall not be necessary for Plaintiffs, in order to enforce any payment by Guarantor hereunder, to first institute suit or exhaust its remedies against Smokehouse, or to

enforce its rights against any other security that may have been given to secure such indebtedness. In the event that this provision is not honored, the Guarantor expressly authorizes Plaintiffs' attorney of record to appear and enter the Second Amended Complaint, and the stipulated judgment against Guarantor as set forth in the Settlement Agreement, in favor of Plaintiffs for any sums remaining due from the agreed Settlement Fund, which is inclusive of attorneys' fees, costs, settlement administrator fees, and service awards.

4. This Guaranty shall continue until all of Smokehouse's obligations to Plaintiffs under the Settlement Agreement have been indefeasibly paid in full.

5. Any failure by Plaintiffs to exercise any rights hereunder shall not be construed as a waiver of the right to exercise the same at any other time.

6. This Agreement shall be binding upon Guarantor, his heirs, personal representatives, successors and permitted assigns, and shall inure to the benefit of Plaintiffs and its successors and assigns.

7. All notices, requests, demands or other communication (including telecommunications) from or upon Plaintiffs or Guarantor shall be in writing and shall be deemed to have been duly given or made when actually received by Plaintiffs or Guarantor or (i) the next business day after being delivered to an internationally recognized overnight courier service, and (ii) three business days after being deposited in the United States mail, delivered by Certified Delivery, Return Receipt Requested, postage prepaid and addressed to the party at its address appearing below or such other address of which notice is given in accordance with this Section 7.

If to Plaintiffs:     Crimmins Law Firm, LLC
                   Virginia Stevens Crimmins, Esq.
                   214 S. Spring Street
                   Independence, MO 64050

                   Fisher Law, LLC
                   Nicole Fisher, Esq.
                   1000 Broadway Blvd., #400
                   Kansas City, MO 64105

If to Guarantor:    Darioush Ghasemi
                   Joshua Ghasemi
                   Smokehouse BBQ, Inc.
                   104 NE 72nd Street, Suite J
                   Gladstone, MO 64118

If to Smokehouse:   If Represented:
                   Waldeck & Patterson, P.A.
                   Meagan Patterson, Esq.
                   5000 W. 95th St., Ste. 350
                   Prairie Village, KS 66207

                   If Not Represented:
                   Joshua Ghasemi
                   Smokehouse BBQ, Inc.

104 NE 72nd Street, Suite J
Gladstone, MO 64118

8. This Guaranty shall be construed and governed by the laws of Missouri without regard to its principles of conflict of laws. The parties hereto submit to the personal and subject matter jurisdiction of the United States District Court for Western District of Missouri over any dispute arising out of or relating to this Guaranty or any of the transactions contemplated hereby.

9. The invalidity or unenforceability of any provision shall not alter or impair the remaining provisions of this Guaranty.

*INTENDING TO BE BOUND*, the undersigned has executed this **_Guaranty_** on the date first above written.

Signature: _____

Name: Darioush Ghasemi

STATE OF _____M O_____  )
                                                    ) ss
COUNTY OF _____CLAY_____  )

          Subscribed and sworn to before me, a Notary Public within and for the County and State aforesaid, this 25 day of June, 2015.

_____
Notary Public

My Commission Expires:

ANDREA M. KNERNSCHIELD
Notary Public-Notary Seal
State of Missouri, Clay County
Commission # 14923715
My Commission Expires Aug 11, 2018

_____8/11/2018_____

## PERSONAL GUARANTY AGREEMENT

**THIS GUARANTY AGREEMENT** ("Guaranty") made and agreed to on January 15, 2015, and executed on this <u>25th</u> day of <u>June</u>, 2015, by Josh Ghasemi ("<u>Guarantor</u>"), in favor of William Looker, individually and on behalf of other similarly situated servers ("Plaintiffs").

**WHEREAS,** on March 4, 2014, William Looker (the "Named Plaintiff") filed a collective action lawsuit on behalf of himself and similarly situated employees pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") against Smokehouse BBQ, Inc. ("Defendant" or "Smokehouse") in the case of *William Looker, et al., individually and on behalf of other similarly situated persons v. Smokehouse BBQ, Inc.*, Case No. 4:14-CV-00203, filed in the United States District Court for the Western District of Missouri (the "Lawsuit");

**WHEREAS,** on January 15, 2015, the parties reached an agreement to settle the Lawsuit, which included the fact that the Settlement Fund would be secured by a personal guarantee of Darioush Ghasemi and Joshua Ghasemi;

**WHEREAS,** under the Settlement Agreement and Release of Claims ("Settlement Agreement"), Named Plaintiff agreed to allow Smokehouse to make Installment Payments of the $390,000 Settlement Fund to the Opt-in Plaintiffs; and

**WHEREAS,** it is a condition precedent to the agreement to allow Smokehouse to make Installment Payments pursuant to the terms of the Settlement Agreement, that Guarantor shall execute and deliver this Guaranty Agreement and guarantee Smokehouse's obligations under the Settlement Agreement.

**THEREFORE,** in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantor hereby agrees as follows:

1. Guarantor hereby irrevocably, absolutely and unconditionally guarantees to Named Plaintiff, and the Opt-in Plaintiffs, along with their successors and assigns, for the prompt and complete payment when due, of all sums due under, and all of Smokehouse's obligations pursuant to, the Settlement Agreement, including without limitation all Installment Payments due under the Settlement Agreement. This Guaranty is and shall be construed to be absolute, unlimited and a continuing guarantee of payment. No invalidity, irregularity or unenforceability, lack of prior enforcement of, delay in enforcement of, or failure to preserve or enforce, Plaintiffs' rights under the Settlement Agreement shall affect, impair or be a defense to this Guaranty. This Guaranty is and shall remain a primary obligation of Guarantor until Smokehouse's obligations under the Settlement Agreement are fulfilled.

2. Plaintiffs may, without affecting the validity or continuing effect of this Guaranty, amend, extend or otherwise modify the terms of the Settlement Agreement set forth therein upon mutual agreement with Smokehouse.

3. In the event of a default by Smokehouse in the payment of any obligation due under the Settlement Agreement, Guarantor shall, without further notice of dishonor, pay the amount due to Plaintiffs, and it shall not be necessary for Plaintiffs, in order to enforce any payment by Guarantor hereunder, to first institute suit or exhaust its remedies against Smokehouse, or to

Case 4:14-cv-00203-DW   Document 78-1   Filed 06/25/15   Page 45 of 107

enforce its rights against any other security that may have been given to secure such indebtedness. In the event that this provision is not honored, the Guarantor expressly authorizes Plaintiffs' attorney of record to appear and enter the Second Amended Complaint, and the stipulated judgment against Guarantor as set forth in the Settlement Agreement, in favor of Plaintiffs for any sums remaining due from the agreed Settlement Fund, which is inclusive of attorneys' fees, costs, settlement administrator fees, and service awards.

4. This Guaranty shall continue until all of Smokehouse's obligations to Plaintiffs under the Settlement Agreement have been indefeasibly paid in full.

5. Any failure by Plaintiffs to exercise any rights hereunder shall not be construed as a waiver of the right to exercise the same at any other time.

6. This Agreement shall be binding upon Guarantor, his heirs, personal representatives, successors and permitted assigns, and shall inure to the benefit of Plaintiffs and its successors and assigns.

7. All notices, requests, demands or other communication (including telecommunications) from or upon Plaintiffs or Guarantor shall be in writing and shall be deemed to have been duly given or made when actually received by Plaintiffs or Guarantor or (i) the next business day after being delivered to an internationally recognized overnight courier service, and (ii) three business days after being deposited in the United States mail, delivered by Certified Delivery, Return Receipt Requested, postage prepaid and addressed to the party at its address appearing below or such other address of which notice is given in accordance with this Section 7.

| | |
|---|---|
| If to Plaintiffs: | Crimmins Law Firm, LLC<br>Virginia Stevens Crimmins, Esq.<br>214 S. Spring Street<br>Independence, MO 64050 |
| | Fisher Law, LLC<br>Nicole Fisher, Esq.<br>1000 Broadway Blvd., #400<br>Kansas City, MO 64105 |
| If to Guarantor: | Darioush Ghasemi<br>Joshua Ghasemi<br>Smokehouse BBQ, Inc.<br>104 NE 72nd Street, Suite J<br>Gladstone, MO 64118 |
| If to Smokehouse: | If Represented:<br>Waldeck & Patterson, P.A.<br>Meagan Patterson, Esq.<br>5000 W. 95th St., Ste. 350<br>Prairie Village, KS 66207 |
| | If Not Represented:<br>Joshua Ghasemi<br>Smokehouse BBQ, Inc. |

104 NE 72nd Street, Suite J
Gladstone, MO 64118

8. This Guaranty shall be construed and governed by the laws of Missouri without regard to its principles of conflict of laws. The parties hereto submit to the personal and subject matter jurisdiction of the United States District Court for Western District of Missouri over any dispute arising out of or relating to this Guaranty or any of the transactions contemplated hereby.

9. The invalidity or unenforceability of any provision shall not alter or impair the remaining provisions of this Guaranty.

*INTENDING TO BE BOUND*, the undersigned has executed this ***Guaranty*** on the date first above written.

Signature: _____

Name: Josh Ghasemi

STATE OF ___MO___ )
                          ) ss
COUNTY OF ___CLAY___ )

      Subscribed and sworn to before me, a Notary Public within and for the County and State aforesaid, this _25_ day of _June_ 2015.

_Andrea M. Knernschield_
Notary Public

My Commission Expires:

_8/11/2018_

ANDREA M. KNERNSCHIELD
Notary Public-Notary Seal
State of Missouri, Clay County
Commission # 14923715
My Commission Expires Aug 11, 2018

# EXHIBIT D

## COMMERCIAL DEED OF TRUST

THIS DEED OF TRUST, made on this 25th day of June _____ , 2015, by and between **SMOKEHOUSE BBQ, INC., d/b/a Smokehouse Bar-B-Que,** a corporation duly organized under the laws of the State of Missouri, Grantor, whose mailing address is: 104 N.E. 72nd Terrace, Suite J, Gladstone, MO 64118, and **WILLIAM LOOKER, for himself and a class of all similarly situated employees (attached as Exhibit A), Crimmins Law Firm LLC, and Wright & Fisher, LLC,** collectively Grantee/Beneficiary (hereinafter referred to as Grantee), whose mailing address is: Wright & Fisher, LLC, 1000 Broadway Blvd Suite 400, Kansas City, MO 64105, and Chicago Title Insurance Company, Trustee, whose mailing address is 21644 Midland Dr., Shawnee KS 66218.

Grantor owes Grantee the up to the maximum sum of $390,000.00 ("Debt"). The Debt is evidenced by a Settlement Agreement and Release of Claims ("Settlement Agreement") in favor of Grantee, and is subject to the balance owed pursuant to the Settlement Agreement. Pursuant to the Settlement Agreement Grantor did agree to pay Dahl Administration on behalf of Grantee, the maximum sum of $390,000 for settlement of a lawsuit styled *William Looker, et al., individually and on behalf of other similarly situated persons v. Smokehouse BBQ, Inc.,* Case No. 4:14-CV-00203, filed in the United States District Court for the Western District of Missouri.

This Deed of Trust secures to Grantee the repayment of the Debt evidenced by the Settlement Agreement and is subject to the balance owed pursuant to the Settlement Agreement, including but not limited to having to enforce the Settlement Agreement. For this purpose, Grantor irrevocably grants and conveys to Trustee, a second priority security interest in the form of a junior lien, in trust, with power of sale, the following described property located in Jackson County, Missouri:

> **Lot 2A, INDEPENDENCE COMMONS, a subdivision in Independence, Jackson County, Missouri**

Commonly known as: 19000 E 39th Street, Independence, MO 64057.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property".

THIS DEED OF TRUST is for commercial purposes and secures a second priority security interest in the form of a junior lien on commercial property, and is not for personal, family, or household purposes.

**COVENANTS.** Grantor and Grantee covenant and agree as follows:

**1. Payment of Settlement Agreement.** Grantor shall pay when due all payments required under the Settlement Agreement.

1

**2. Default.** Grantor shall be in default of this Deed of Trust if Grantor fails to make timely payments as set forth in the Settlement Agreement, violates any of the provisions of this Deed of Trust, and/or files bankruptcy or is debtor of an involuntary bankruptcy proceeding.

**3. Funds for Taxes and Insurance.** Grantor shall timely pay all: (a) taxes and assessments on the Property (b) leasehold payments or ground rents on the Property, if any; (c) hazard or property insurance premiums on the Property; (d) flood insurance premiums, if any, on the Property; and (e) mortgage insurance premiums, if any, on the Property.

**4. Charges; Liens.** Grantee is aware of the existing mortgage lien, Deed of Trust dated 11/07/2007 and recorded at Jackson County Courthouse ("Mortgage Lien"). Grantee acknowledges and understands that the Mortgage Lien is superior lien to Grantee's interests and it has priority over Grantee's second priority security interest in the form of a junior lien.

**5. Hazard or Property Insurance.** Grantor shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire and hazards. This insurance shall be maintained in the amounts and for the periods that are required by the Deed(s) of Trust(s) held by Great Western Bank. If Grantor fails to maintain coverage described above, Grantee may, at Grantee's option, obtain coverage to protect Grantee's rights in the Property.

In the event of loss, Grantor shall give prompt notice to the insurance carrier and Grantee. In the event Grantor does not use the insurance proceeds to restore or repair the Property damaged, the insurance proceeds shall be applied to (a) the **Mortgage Lien;** and (b) to all sums secured by this Deed of Trust – the Debt. Unless Grantee and Grantor otherwise agree in writing, any application of proceeds to the Debt shall not accelerate, extend or postpone the due date of the payments contained in the Settlement Agreement.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Grantor's Loan Application; Leaseholds**. Grantor shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property.

**7. Mortgage Insurance.** This insurance shall be maintained in the amounts and for the periods that are required by the Deed(s) of Trust(s) held by Great Western Bank, if any.

**8. Grantor Not Released; Forbearance By Grantee Not a Waiver.** Any forbearance by Grantee in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**9. Successors and Assigns Bound; Joint and Several Liability; Cosigners.** The covenants and agreements of this Deed of Trust shall bind and benefit the successors and assigns of Grantee and Grantor.

**10. Notices.** Any notice required under this Deed of Trust shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method.

Notice to Grantor shall be given by first class mail to:

If represented:

2

Meagan L. Patterson
Waldeck & Patterson,
P.A.
5000 West 95th Street, Suite
350
Prairie Village, KS 66207
If not represented:

SMOKEHOUSE BBQ, INC.
104 N.E. 72nd Terrace, Suite J
Gladstone, MO 64118

Notice to Grantee shall be given by first class mail to:

Attn: Nicole Fisher
Wright & Fisher, LLC
1000 Broadway Blvd Suite 400
Kansas City, MO 64105

Grantor and/or Grantee may change the above addresses by giving written notice to each other.

**11. Governing Law; Severability.** This Deed of Trust shall be governed by Missouri state law, if applicable, and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Deed of Trust conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust which shall be given effect without the conflicting provision.

**12. Grantor's Copy.** Grantor shall be given a copy of this Deed of Trust, to which Grantor by signing this Deed of Trust acknowledges receipt thereof.

**13. Grantor's Right to Reinstate.** If Grantor meets certain conditions, Grantor shall have the right to have enforcement of this Deed of Trust discontinued at any time prior to the earlier of: (a) before sale of the Property pursuant to any power of sale contained in this Deed of Trust; or (b) entry of a judgment enforcing this Deed of Trust. Those conditions are that Grantor: (a) pays Grantee all sums which then would be due under this Deed of Trust and the Settlement Agreement; (b) cures any default of any other covenants or agreements; and (c) takes action as Grantee may reasonably require to assure that the lien of this Deed of Trust, Grantee's rights in the Property and Grantor's obligation to pay the sums secured by this Deed of Trust shall continue unchanged. Upon reinstatement by Grantor, this Deed of Trust and the obligations secured hereby shall remain fully effective as if no acceleration had occurred.

**14. Hazardous Substances.** Grantor shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Grantor shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be

3

appropriate to normal restaurant uses and to maintenance of the Property.

If Grantor learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Grantor shall promptly take all necessary remedial actions in accordance with Environmental Law. As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety, or environmental protection.

**15. Remedies.** Grantee shall give notice to Grantor following Grantor's breach of any covenant or agreement in this Deed of Trust. The notice shall specify: (a) the default; (b) the action required to cure the default; and (c) a date, not less than 30 days from the date the notice is given to Grantor, by which the default must be cured. The notice shall further inform Grantor of the right to reinstate and the right to bring a court action to assert the non-existence of a default or any other defense of Grantor to sale. If the default is not cured on or before the date specified in the notice, Grantee at its option may invoke the power of sale and any other remedies permitted by applicable law.

If Grantee invokes the power of sale, Grantee or Trustee shall mail copies of a notice of sale in the manner prescribed by applicable law to Grantor, to the holder of the **Mortgage Lien,** and to the other persons prescribed by applicable law. Trustee shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Trustee, without demand on Grantor, shall sell the Property at public auction to the highest bidder for cash at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property to any later time on the same date by public announcement at the time and place of any previously scheduled sale. Grantee or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) the **Mortgage Lien;** (b) all expenses of the same, including but not limited to reasonable Trustee's fees; and (c) to all sums secured by this Deed of Trust – the Debt.

**16. Release.** Upon payment of all sums secured by this Deed of Trust, Grantee shall release this Deed of Trust without charge to Grantor.

**17. Substitute Trustee.** Grantee, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Deed of Trust is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

4

18. **Lease of the Property.** Trustee hereby leases the Property to Grantor until this Deed of Trust is either satisfied and/or released, or until there is a default under the provisions of this Deed of Trust. The Property is leased upon the following terms and conditions: Grantor, and every person claiming an interest in or possessing the Property, or any part thereof, shall pay rent during the term of the lease in the amount of one cent per month, payable on demand and without notice of demand shall and will surrender peaceable possession of the Property to Trustee upon default or to the purchaser of the Property at the foreclosure sale.

19. **Corporate Authority to Enter into this Deed of Trust.** The undersigned verifies that, if required by the shareholder's agreement, operating agreement, or any other agreement regarding the operation of Grantor, that Grantor has conducted a meeting of the shareholders, and that during said meeting, it was voted upon and was passed that Grantor would enter into this Deed of Trust with Grantee. The undersigned further verifies that he is duly authorized by Grantor to sign this Deed of Trust.

**Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*END OF DEED OF TRUST\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Deed of Trust between SMOKEHOUSE BBQ, INC., d/b/a Smokehouse Bar-B-Que, WILLIAM LOOKER, for himself and a class of all similarly situated employees, Crimmins Law Firm LLC, and Wright & Fisher, LLC regarding settlement of a lawsuit styled *William Looker, et al., individually and on behalf of other similarly situated persons v. Smokehouse BBQ, Inc.,* Case No. 4:14-CV-00203, filed in the United States District Court for the Western District of Missouri.

**Smokehouse BBQ, Inc.**

By: _____          Date _____
    Signature of President

_Darioush Ghasemi_
Print Name

STATE OF _MO_ )
COUNTY OF _CLAY_ ) ss:

BE IT REMEMBERED that on this 25 day of _June_, 2015 before me, a Notary Public, in and for said State, personally appeared _Darioush Ghasemi_ known to me to be the President of Smokehouse BBQ, Inc., and the persons who executed the within Deed of Trust.

_Andrea M. Knernschield_
Notary Public

My commission expires: _8/11/2018_

ANDREA M. KNERNSCHIELD
Notary Public-Notary Seal
State of Missouri, Clay County
Commission # 14923715
My Commission Expires Aug 11, 2018

6

| Class List |
|---|
| Acosta, Nataliya |
| Adams, Kandis |
| Addington, Kandy |
| Alley, Nicholas |
| Amundsen, Ryan |
| Anders, Janessa |
| Arrieta, Bryant |
| Asefi, Omar |
| Austin (Schumer), Carrie |
| Bachman, Kelsi |
| Bailey, Robert |
| Baldwin, Mary |
| Ball, Tara |
| Barber, James |
| Battaglia, Keriann |
| Baumgartner, Elvenia |
| Beckerdite, Channing |
| Beets, Kaitlyn |
| Befort, Andrew |
| Bell, Amanda |
| Berch, Zebulan |
| Best, Sandra |
| Biersmith, Jacqueline |
| Biggs, Jordan |
| Blair, Kandis |

| |
|---|
| Blakey, Sicily |
| Blankenship, Melissa |
| Blaylock, Sumer |
| Block, Grady |
| Bolden, gregory |
| Bolls, Sarah |
| Bonner, Lisa |
| Boudreaux, Rene |
| Bourque, Sarah |
| Brasel, Joel |
| Brigman, Glenda |
| Brodie, Derrick |
| Brown, Adrian |
| Brown, Brandie |
| Brown, Jodie |
| Brown, Wyatt |
| Budzene, Dustin |
| Burns, Shannon |
| Byers, Madison |
| Cammisano, cassandra |
| Cansler, Lacy |
| Cantrell, Shawn |
| Cantu, Felipe |
| Carrillo, Cynthia |
| Carter, Brett |

| |
|---|
| Carter, Zachary |
| Cartwright, Sherri |
| Case, Dustin |
| Casey, John |
| Castillo, Paloma |
| Caviness, Holly |
| Cherry, Troy |
| Clarke, Kourtney |
| Clarkson, jessica |
| Coleman, Tann |
| Conard, Crystal |
| Conklin, Jacquelin |
| Cooper, Kuri |
| Corley (Motelet), Kendra |
| Cunningham, Sean |
| Curatalo, Nicholas |
| Cutshaw, Trina |
| Dabbs, Christoper |
| Dannar, Melissa |
| Daringer, Nancy |
| Donahue, Maureen |
| Doores (Bundy), Jessica |
| Dorsey, Kyle |
| Doulat, Aktar |

| |
|---|
| Drew, Jacob |
| Duisen, Kurt |
| Dunkin, Bianca |
| Dunn, Megan |
| Eberhard, Elizabeth |
| Edelman, Danielle |
| Ehret, Thomas |
| Eiberger, Daelen |
| Eldridge, Alan |
| Ellis, Caitlin |
| Esenbock, Thomas |
| Eslin, Heather |
| Eslin, Rebecca |
| Euwer, Catherine |
| Fagan, Patrick |
| Farah, Tabitha |
| Farmer, Robert |
| Farson, Taylor |
| Ferguson, Brandon |
| Finnell, Daron |
| Fitch, Taylor |
| Fowler, Donovan |
| Frost, Kimberly |
| Fry, Traci |

| |
|---|
| Galich, Mikhail |
| Gallo, Joseph |
| Gann, Raphael |
| Garcia, Omar |
| Garcia, Sergio |
| Gauert, Corbin (Cory) |
| Gauf, Nathan |
| Geckley, Matthew |
| Genau, Robert |
| Generaux, Kristin |
| Gercone, Gracie |
| Gertler, Zachary |
| Gilbert, Madison |
| Gillies, Max |
| Gilroy, Ira |
| Gochenour, Laura |
| Gomez, Samuel |
| Gould, Shane |
| Graves, Jacqueline |
| Gregg, Kori |
| Griffith, Christina |
| Gudde, Stephanie |

| |
|---|
| Hall, Bryan |
| Halstead (Stuart), Lauren |
| Handera, Katelyn |
| Harper, Cassandra |
| Harris, Annette |
| Harris, Tyler |
| Hays, Debora |
| Hays, Traci (Brenda) |
| Hazlett, Cassie |
| Hedrick, Mary |
| Hein, Kelcie |
| Henderson, Daniel |
| Hendren, Corrie |
| Hensley, Marie |
| Hernandez, Jeniffer |
| Hertzog, Danielle |
| Hickman, Bonnie |
| Hill, Lauren |
| Hines, Daniel |
| Hobbs, Wanda |
| Hochard, Ashley |
| Hodges, Catherine |
| Hoffman, Bridget |
| Holloway, Robert |
| Holtz, Natasha |

| |
|---|
| Hooks, Martell |
| Horsman, Ashley |
| Huffmon, Joshua |
| Huston, Amanda |
| Ielouch, Tysier |
| Jacks , Shannon |
| Jackson, Alexander |
| Jackson, Emily |
| Jackson, Katy |
| Jacobs, Natasha |
| Jean, Makenzy |
| Jeffers, Taylor |
| Jester, Nicole |
| Johnson, Elias |
| Johnson, Jeremiah |
| Johnson, Samuel |
| Jones-Billings, Shannon |
| Juarez, Anastasia |
| Keene, Cory |
| Keever, Bryanna |
| Keller, Brittany |
| Kennedy, Jessica |
| Khizirpour, Hejir |
| Kilman, hannah |
| King, Amy |

| |
|---|
| King, Kasey |
| Kinzler, Morgan |
| Kraybill, Eleanor |
| Krska, Holly |
| Kusch, Christina |
| Lacey, Simone |
| Ladwig, Randy |
| Lakes, Stacey |
| Lakey, Mallary |
| Lakey, Terah |
| Lamming, Hanna |
| Landes, Zalie |
| Larson, Brodie |
| Lawler, Lisa |
| Leuschke, Jessica |
| Lewis, Kimberly |
| Liggett, Anthony |
| London, Patricia |
| Looker, William |
| Lopez-Ramirez, Seferina |
| Lowery, Christopher |
| Lowery, Hailey |
| Lucas, Bryan |
| Lyndell, Cody |
| Madden, John |
| Mallery, John |

| |
|---|
| **Mallory, Krista** |
| **Markt, Marley** |
| **Martin, Terri** |
| **Martinez, Gina** |
| **Mashburn, Cathy** |
| **Mason, Joel** |
| **Mathi, Brittnie** |
| **Mcclain, Scarlett** |
| **Mccleery, Megan** |
| **Mccurley, Racheal** |
| **Mcdavitt, Kristina** |
| **Mckinney, Andy** |
| **Melchor-Scholl, Sara** |
| **Mesh, Savannah** |
| **Meyer, Brooke** |
| **Mitchell, Keith** |
| **Moberly, Lauren** |
| **Moore, Lynnda** |
| **Moore, Timothy** |
| **Moradi, Amanda** |
| **Morgan, Dennis** |
| **Mullies, Daniel** |
| **Munoz, Zachary** |
| **N'Diaye, Andrew** |
| **Nebeker, david** |

| |
|---|
| Nehama, Nickolas |
| Nelson, Mark |
| Newell, Ashley |
| Nicholas, Amanda |
| Nicholas, Angela |
| Nichols, Debra |
| Nichols, Sharon |
| Noble, Deborah |
| Novak, Thomas |
| Nugent, Bryan |
| Nutt, Savannah |
| Ogden, Ashley |
| Olsen, Traci |
| Oxborough, Jessica |
| Palumbo, Nicole |
| Parker, Hayley |
| Perez, Lauren |
| Phalp, Carolyn |
| Pina, Courtney |
| Pittman, Lucas |
| Porter, Amy |
| Powers, Rachel |
| Preisig, Stephen |
| Price, Nakita |
| Puma, Marissa |
| Purnell, Michael |

| |
|---|
| Raja, Ali |
| Raouf, Christopher |
| Reed, Sarah |
| Ripple, Danielle |
| Robison, Kyle |
| Rock, Casey |
| Rodriguez Sanchez, Idaliz |
| Roesle, Aaron |
| Rogers, Jeremy |
| Rooks, Makayla |
| Rooney, Alexis |
| Ross, Autumn |
| Rotent, David |
| Runde, Abby |
| Ruppert, Jessica |
| Sachs, Stephanie |
| Said, Sean |
| Samm, Sierra |
| Sapp, Lindsey |
| Scammell, Patrick |
| Schmidt, Meredith |
| Schrader, Christopher |
| Schubach, Charles |
| Selleck, Stevie |
| Shonamon, Haeli |

| |
|---|
| Simms, Effie |
| Singleton, Dawnetta |
| Skinner, Alexander |
| Slatinsky, Kayla |
| Sloan, Amy |
| Sloan, Jake |
| Smith, Bridget |
| Smith, Brittany |
| Smith, Jordan |
| Smith, Karen |
| Smith, Katheleen |
| Smith, Melinda |
| Smith, Shannon |
| Smith, Teresa |
| Stefanatos, Garrett |
| Stephens, Casey |
| Stephens, Shelby |
| Stevenson, Rachel |
| Stewart, Jessica |
| Stodghill, Seth |
| Stodghill, Tina |
| Sulkowski, Natalie |
| Sullivan, Staci |
| Summers, Stephanie |
| Sweeten, Tyler |
| Tebo, Ashley |

| |
|---|
| **Thompson, Stephanie** |
| **Thrasher, Jessie** |
| **Tilton, Taylor** |
| **Todd, Amanda** |
| **Trager, Emily** |
| **Troiola, Angelo** |
| **Tubbs, Adam** |
| **Vacha, Theresa** |
| **Valdepena, Jacqueline** |
| **Vandenberg, janice** |
| **Verhaeghe, Bernard** |
| **Viers, Parker** |
| **Villalobos, Mark** |
| **Vittetoe, Sarah** |
| **Wade, Kelly** |
| **Wahlen, Mariah** |
| **Wallace, Kirsten** |
| **Wallace, Nicholas** |
| **Warfield, Scott** |
| **Wasson, Kristian** |
| **Watkins, Laura** |
| **Watson, Jessica** |
| **Watson, Jolyn** |
| **Webb, Zachary** |
| **Wheeler, ashley** |
| **White, Samuel** |

| |
|---|
| **Whitmer, Carl** |
| **Willer, Elizabeth** |
| **Willer, Matthew** |
| **Williams, Donnell** |
| **Wilson, Lauren** |
| **Wilson, Mackenzie** |
| **Wilson, Sean** |
| **Windsor, austin** |
| **Winstead, Lauren** |
| **Wood, Carrie** |
| **Woods, Christopher** |
| **Woods, Sheri (Roxanne)** |
| **Worrell, Denise** |
| **Worthington, Pamela** |
| **Wright, Steven** |
| **Wyse, Daniel** |
| **Yakle, Derek** |
| **Zeliff, Ryan** |
| **Zungura, Obed** |
| |

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **WILLIAM R. LOOKER, III,** | |
| **On behalf of himself an all other similarly situated persons,** | |
| **Plaintiffs,** | **Case No. 4:14-CV00203-DW** |
| | **JURY TRIAL DEMANDED** |
| **vs.** | |
| **SMOKEHOUSE BBQ, INC d/b/a/SMOKEHOUSE Bar-B-Que, JOSHUA GHASEMI and DARIOUSH GHASEMI.** | |
| **Defendants.** | |

**SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff, William R. Looker, III, by and through his undersigned counsel, and for his Second Amended Complaint against Smokehouse BBQ, Inc. d/b/a Smokehouse Bar-B-Que ("Smokehouse" or "Defendant"), Joshua Ghasemi, and Darioush Ghasemi hereby states and alleges as follows:

**NATURE OF THE ACTION**

1.      Defendant Smokehouse is a company that operates four barbeque restaurants in the Kansas City metropolitan area.   Defendant previously operated a location in Oklahoma. Defendant's policy and practice is to deny minimum wage pay to its servers.   Defendant's deliberate failure to pay its employees their earned wages violates the Fair Labor Standards Act ("FLSA"), as well as Missouri state laws.

2.      Individual Defendants Darioush Ghasemi and Joshua Ghasemi own and manage

the Smokehouse restaurants and possess actual control over the operations of Smokehouse which directly affect the nature and conditions of employment complained of herein.

3.       Plaintiff William Looker, and all other similarly situated employees, worked for Defendant as servers.  This lawsuit is brought as a collective action under the FLSA and as a state law class under Rule 23 to recover unpaid wages and related penalties and damages owed to Plaintiff, and all other similarly situated employees.

## PARTIES

4.       Defendant Smokehouse BBQ, Inc. d/b/a Smokehouse Bar-B-Que is a Missouri corporation with its principal place of business in Gladstone, Missouri.  Defendant currently operates 4 restaurants in the Kansas City metropolitan area.  Defendant previously operated a location in Oklahoma. Defendant can be served through its designated registered agent: Carol J. Flores, 104 N.E. 72nd Street, Ste. J, Gladstone, Missouri 64118.

5.       Defendant Darioush Ghasemi is a resident of the State of Missouri who resides at 8126 Forest Park Drive, Parkville, MO 64152.  Defendant has waived personal service.  A true and correct copy of said waiver is attached hereto as **Exhibit _____**.

6.       Defendant Joshua Ghasemi is a resident of the State of Missouri who resides at 10614 North Tracy, Kansas City, MO 64155.  Defendant has waived personal service.  A true and correct copy of said waiver is attached hereto as **Exhibit _____**.

7.       Plaintiff William Looker is a current resident of Independence, Missouri.  Plaintiff was employed by Defendant as a server from approximately June 24, 2013 to December 2013.  During this timeframe Mr. Looker performed work as a tipped employee.  Mr. Looker's consent to join form is attached hereto as **Exhibit __**

8.       At all relevant times, Defendants have been an "employer" within the meaning of

2

the FLSA and Mo. Rev. Stat. §290.500. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and those persons similarly situated to the Plaintiff as described herein. At all relevant times, Plaintiff and the other members of the class were engaged in commerce and/or worked for Defendants.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et seq.*

10. This Court has supplemental jurisdiction for all claims asserted under the Missouri Minimum Wage Law, as well as the personal guaranty claims, as these claims are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative facts, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness and comity.

11. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant Smokehouse is registered to do business in this State and regularly conducts business within this District.

12. The United States District Court for the Western District of Missouri also has personal jurisdiction of Defendants Darioush Ghasemi and Joshua Ghasemi in that they are residents of the state of Missouri and regularly conduct business within this District.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as Defendant conducts business and can be found in this District, and the causes of action set forth herein have arisen and occurred in part in the District.

3

## FACTUAL ALLEGATIONS

14.     Defendants have employed hundreds of servers.

15.     As of February 2015, Smokehouse operates 4 restaurants in Missouri, and previously operated 1 restaurant in Oklahoma and 1 restaurant in Kansas,.

16.     Plaintiff, and other similarly situated servers, are paid below minimum wage for all hours worked – meaning Defendants do not pay the full $7.25 minimum wage (the Missouri minimum wage increased to $7.50 on January 1, 2014). All servers are uniformly paid $3.675 per hour in Missouri and $2.13 in Kansas and Oklahoma.

17.     Plaintiff, and other similarly situated servers, are assigned side work to complete before, during, and after their shifts.

18.     These side work jobs could include, but are not limited to non-tipped activities such as rolling silverware, cleaning lamps, cleaning menus, cleaning base boards, cleaning gum off of tables, filling ice bins, filling and cleaning condiments, making tea and coffee, traying deserts and wrapping desert plates, making salads and dressing for salads, cutting lemons, limes, eggs and other food, carrying up dishes, washing dishes, scrubbing tables, cleaning floors, arranging chairs, and filling salt-shakers.

19.     Defendants do not keep time records for the side work performed by their servers.

20.     Plaintiff, and other similarly situated servers, routinely work shifts where the side work constitutes more than 20% of their overall shift time.

21.     Nonetheless, Defendants paid Plaintiff, and other similarly situated servers, at the tip credit rate of pay and not full minimum wages.

22.     As a result, Plaintiff, on behalf of himself and all others similarly situated, brings this case to recover for their improperly paid wages.

4

23.     At all times herein pertinent, Defendants' non-exempt employees were tip-earning employees, including servers. At all times herein pertinent, Defendants failed to properly compensate their servers at the proper rate of pay. Rather than paying their employees the full minimum wage for non-tip producing activities, Defendants compensated their employees at a rate no greater than $3.675 per hour in Missouri and $2.13 per hour in Kansas and Oklahoma, for each hour worked. Defendants failed to properly compensate these employees for time spent performing non-tip producing activities. Doing so denies such employees proper compensation for all work performed and overtime pay and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (hereinafter "FLSA"), and Mo Rev. Stat. § 290.500, *et. seq.*.

24.     Defendants' practices are in direct violation of Mo Rev. Stat. § 290.500, *et. seq.* and the FLSA and Plaintiff seeks proper compensation for work performed, liquidated and/or other damages as permitted by applicable law, and attorney's fees, costs, and expenses incurred in this action.

25.     The net effect of Defendant's policy and practice, instituted and approved by company managers Defendants Darioush Ghasemi and Joshua Ghasemi, is that Defendants wilfully fail to pay minimum wage in order to save payroll costs, increase its profits and undercut its competition.

26.     Defendants Darioush Ghasemi and Joshua Ghasemi were responsible for deciding upon and implementing the pay and timekeeping practices, and completely controlled Smokehouse which affected the nature and conditions of employment described above.

27.     On January 15, 2015, Defendant Smokehouse entered into a settlement for these alleged wage and hour violations.

28.     As a part of the settlement, Defendant Smokehouse agreed to pay a maximum

5

settlement fund $390,000 ("Settlement Fund") to resolve the claims alleged herein.

29.     In exchange for installment payments of the Settlement Fund, Defendants Darioush Ghasemi and Joshua Ghasemi executed personal guaranties and a stipulated judgment in favor of Plaintiff, and the class of similarly situated persons.

30.     This Court approved the settlement.

31.     Smokehouse is in breach of the settlement agreement.

## COLLECTIVE AND CLASS ALLEGATIONS

### FLSA Collective Action.

32.     Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

33.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

34.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of requiring servers to perform non-tip-producing activities at a rate less than minimum wage when such work regularly exceeded twenty percent of their workday.

35.     The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

### Missouri Rule 23 Class.

36.     Plaintiff William Looker, as Missouri Class Representative, brings Counts II – III as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of himself and the following class of persons:

6

A Missouri opt out class that includes (1) MMWL claims for "All Smokehouse servers who worked for Smokehouse from March 4, 2012 through the present" and (1) Missouri unjust enrichment/quantum meruit claims for "All Smokehouse servers who worked for Smokehouse from March 4, 2009 through the present."

37. The Missouri state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the Missouri Class.

38. The classes satisfy the numerosity standards in that each class will number well into the hundreds. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through posting, direct mail and electronic mail.

39. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

a. Whether all class members were paid based on the "tip credit";

b. Whether Defendants' recorded the amount of time spent performing side work;

c. Whether Defendants paid minimum wage for sidework when the sidework exceeded 20% of the overall shift;

d. Whether Defendants knew or had reason to know its policies and compensation practices were unlawful, and

e. Whether Defendants retained a benefit from such unlawful policies and compensation practices.

40. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

7

41. Plaintiff's claims are typical of those of the class because the class members have been paid pursuant to the same compensation structure and were subject to the same or similar unlawful practices as the Plaintiff.

42. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

43. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the members of the classes he seeks to represent. The interests of the members of the classes will be fairly and adequately protected by Plaintiff and undersigned counsel, who have experience in employment and class action lawsuits.

44. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

45. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

46. At all times material herein, Plaintiff, and all other similarly situated employees,

8

have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

47.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a); 29 U.S.C. § 207(a)(1).

48.     The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at the federal minimum wage for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

49.     Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

50.     Plaintiff brings this Complaint pursuant 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendants as similarly situated employees within three years from the commencement of this action who have not been compensated for their time, who have not been compensated at the proper minimum wage and/or one and one-half times the regular rate of pay for all services performed in excess of forty hours per week and whose hours worked have not been accurately recorded and maintained by Defendants so as to avoid such compensation as aforesaid.

51.     Defendants violated the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at the minimum wage and/or proper overtime rate.  In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate

9

records of all hours worked by its employees.

52.     Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. Upon information and belief, this uniform policy, in violation of the FLSA, has been applied to all servers employed by Defendants during the last three years.

53.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

54.     Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of minimum wage and unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

55.     As a result of the aforesaid willful violations of the FLSA, wages have been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for: (1) designation of this action as a collective action on behalf of all

similarly situated employees prompt issuance of notice to all similarly situated employees (the FLSA class), apprising them of the pendency of this action; (2) compensatory damages; (3) liquidated damages; (4) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

**COUNT II -**
**FAILURE TO PAY WAGES PURSUANT TO MO. REV. STAT. § 290.500, *ET. SEQ.***

56.      Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

57.      Plaintiff and the class of other similarly situated servers were employed by Defendants and were required to spend more than 20% of their time engaged in non-tip-producing activities.

58.      Said work often required Plaintiff and the class to work in excess of forty (40) hours per week.

59.      Plaintiff and the class of other similarly situated servers were treated as non-exempt employees by the Defendants under the Missouri Wage statutes.

60.      Defendants employ/employed other employees at its restaurants who are/were required to spend more than 20% of their time engaged in non-tip-producing activities, and/or were required to perform work both before and after their work shifts as an integral and indispensable part of the principle activities of performing their jobs and were treated as non-exempt employees under the Missouri wage statutes.  All such employees are hereby referred to as "similarly situated" employees, or "class members."

61.      These "similarly situated" employees were compensated at a rate $3.675 per hour in Missouri, per hour for work hours, regardless of activity.

11

62.     During the pertinent time periods, the proper rate of pay under Missouri wage law ranged from $7.25 to $7.50 per hour.

63.     The Missouri wage laws require each covered employer, such as Defendant, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

64.     All similarly situated employees working for Defendants are similarly situated in that they spend more than 20% of their time working engaged in non-tip-producing activities.

65.     These employees are similarly situated in that they are all subject to Defendants' identical compensation policies and plan that fails to lawfully compensate them.

66.     This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiff because his claims are similar to the claims of the class members.

67.     The names and addresses of the class members are available from Defendants. The Defendants failed to compensate Plaintiff and the class members at the proper rate of pay, and therefore, Defendants have violated, and continues to violate, the Missouri wage laws, Mo. Rev. Stat. 290.500, *et. seq.,* including 8 C.S.R. 30-4.010 and 8 C.S.R. 30-4.020 (2).

68.     The Plaintiff, on behalf of himself and all similarly situated employees of Defendants who compose the class, seeks damages in the amount of all respective unpaid minimum and overtime wages and straight time plus liquidated damages, as provided by the MMWL and such to legal and equitable relief as the Court deems just and proper.

69.     The Plaintiff, on behalf of himself and all similarly situated employees of Defendants who compose class, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by Mo. Rev. Stat. 290.500, *et. seq.*

WHEREFORE, Plaintiff, on behalf of himself and all proposed class members, demands judgment against Defendants and prays for: (1) designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all class members (the Missouri Wage Law class), apprising them of the pendency of this action; (2) designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members; (3) compensatory damages; (4) liquidated damages; (5) attorneys' fees and costs; (6) pre-judgment and post-judgment interest as provided by law; and (7) such other relief as the Court deems fair and equitable.

## COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT

70.     Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

71.     Defendants have been and are being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees.   Defendants have been and are being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

72.     Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked.  Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees.   Such wrongful conduct demonstrates bad faith on the part of Defendants.

73.     It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

WHEREFORE, Plaintiff, on behalf of himself and all proposed class members, demands judgment against Defendants and prays for: (1) designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all class members (the Missouri

Wage Law class), apprising them of the pendency of this action; (2) designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members; (3) compensatory damages; (4) liquidated damages; (5) attorneys' fees and costs; (6) pre-judgment and post-judgment interest as provided by law; and (7) such other relief as the Court deems fair and equitable.

## COUNT IV – BREACH OF CONTRACT

74.     Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

75.     On or about January 15, 2015, Defendants entered into a Settlement Agreement with Plaintiff, on behalf of himself and similarly situated employees.

76.     Pursuant to the terms of the Settlement Agreement, Defendant Smokehouse agreed to pay a maximum settlement fund of $390,000.00 to satisfy the above claims.

77.     In addition, Defendants Darioush Ghasemi and Joshua Ghasemi executed personal guaranties in favor of Plaintiff and similarly situated employees in the amount of $390,000.00.

78.     The Settlement Agreement was approved by this Court.

79.     Defendants are now in breach of the Settlement Agreement.

WHEREFORE, Plaintiff, on behalf of himself and all proposed class members, demands judgment against Defendants and prays for entry of judgment in the amount of $390,000.00, attorneys' fees and costs; pre-judgment and post-judgment interest as provided by law; and such other relief as the Court deems fair and equitable.

14

Dated: _____

Respectfully submitted,

By: /s/ *Virginia Stevens Crimmins*
Virginia Stevens Crimmins, Mo # 53139
**CRIMMINS LAW FIRM LLC**
214 S. Spring Street
Independence, Missouri 64050
Telephone: 816-974-7220
Fax:   855-974-7020
v.crimmins@crimminslawfirm.com

By: /s/ *Nicole Fisher*
Nicole Fisher,          Mo. # 59341
Larry Wright,          Mo # 55246
**WRIGHT & FISHER, LLC**
1000 Broadway Blvd #400,
Kansas City, MO 64105
Telephone:  816-471-7008
Fax   816-471-1701
nicole@wrightfisher.com
larry@wrightfisher.com

**Attorneys for Plaintiff and the Class**

## CERTIFICATE OF SERVICE

I certify that on this _____ day of _____, 201_, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel

of record.

/s/ *Virginia Stevens Crimmins*
Attorney for Plaintiffs

# EXHIBIT F

WILLIAM LOOKER, individually, and on
behalf of a class of other similarly situated
employees,

        Plaintiffs,

v.

SMOKEHOUSE BBQ, INC. d/b/a
SMOKEHOUSE BAR-B-QUE,

        Defendant.

Case No: 4:14-CV00203-DW

## UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT WITH SUGGESTIONS IN SUPPORT

Plaintiff, individually and on behalf of a class of other similarly situated employees, by and through his undersigned counsel, hereby moves this Court for leave to file a Second Amended Complaint. In support of this Motion, Plaintiff states as follows:

1.      Plaintiff, William Looker, individually and on behalf of a class of similarly situated individuals, filed his original Complaint against Defendant Smokehouse BBQ, Inc. ("Defendant") on March 4, 2013. On May 9, 2014, Defendant filed an answer.

2.      On January 15, 2015, the parties reached a Settlement Agreement in the above-referenced matter. In exchange for installment payments of the settlement fund, in the event that Defendant Smokehouse BBQ, Inc. ("Smokehouse") breaches the Settlement Agreement, Smokehouse consented to the request for leave to file a Second Amended Complaint. The Second Amended Complaint names individual manager defendants Joshua Ghasemi, and Darioush Ghasemi as defendants to this action, as well as sets forth a claim for the breach of the Settlement Agreement, including breach of personal guaranties against Joshua Ghasemi, and Darioush

Ghasemi.

3.    Defendant Smokehouse is in breach of the Settlement Agreement.  As such, Plaintiff seeks leave to file the Second Amended Complaint. A true and correct copy of Plaintiff's Second Amended Complaint is attached hereto as Exhibit A.

4.    A party "may amend its pleading only with the opposing party's written consent" or with leave of Court. Fed. R. Civ. P. 15(a)(2).  Defendant has provided written consent to the filing of the Second Amended Complaint.  A true and correct copy of Defendant's written consent is attached hereto as Exhibit B.

5.    Moreover, motions for leave to amend pleadings should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave should be freely given in this case as Plaintiff is simply following through on the parties' settlement agreement which has been approved by the Court.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court deem the Second Amended Complaint filed as of the date of the Court's Order, and for any other and further relief the Court deems just and proper.

Dated: _____

Respectfully submitted,

**CRIMMINS LAW FIRM LLC**

By: /s/ *Virginia Stevens Crimmins* ___
Virginia Stevens Crimmins, MO #53139
Laura C. Fellows, MO #65896
214 S. Spring Street
Independence, Missouri 64050
Telephone: 816-974-7220
Fax: 885-974-7020
v.crimmins@crimminslawfirm.com
l.fellows@crimminslawfirm.com

2

and

**WRIGHT & FISHER, L.L.C.**
Nicole Fisher, MO #59341
Larry Wright, MO #55246
1000 Broadway Blvd., 4th Floor
Kansas City, Missouri 64105
nicole@wrightandfisher.com
larry@wrightandfisher.com
Tel: (816) 471-7008
Fax: (816) 471-1701
**ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to all attorneys of record this ____ day of _____, 201__ with email notice going to:

Meagan L. Patterson, MO Bar #58234
Waldeck & Patterson, P.A.
5000 West 95th Street, Suite 350
Prairie Village, Kansas 66207
Tel: 913.749.0300 / Fax: 913.749.0301
Email: meaganp@waldeckpatterson.com
**ATTORNEYS FOR DEFENDANT SMOKEHOUSE
BBQ, INC. d/b/a SMOKEHOUSE BAR-B-QUE**

and via U.S. mail, postage prepaid, to:

Joshua Ghasemi
Smokehouse BBQ, Inc.
104 NE 72nd Street, Suite J
Gladstone, MO 64118

/s/ Virginia Stevens Crimmins
Attorney for Plaintiffs

3

# EXHIBIT G

WILLIAM LOOKER, individually, and on
behalf of a class of other similarly situated
employees,

        Plaintiffs,

v.

SMOKEHOUSE BBQ, INC. d/b/a
SMOKEHOUSE BAR-B-QUE,

        Defendant.

Case No: 4:14-CV00203-DW

## RULE 15(a)(2) CONSENT

Defendant Smokehouse BBQ, Inc. d/b/a Smokehouse Bar-B-Que, by and through its duly authorized agent, hereby provides consent to Plaintiff William Looker to file his Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) in the matter *Looker, et al. v. Smokehouse BBQ, Inc.*, Case No. 4:14-CV-00203 pending in the United States District Court for the Western District of Missouri.

Signature: _____

Name (print): Josh Chasen,

Title (print): Chief Operating Officer

Reviewed and approved as to form by:

**WALDECK & PATTERSON, P.A.**

By: _____
Meagan Patterson, MO #58234
John Waldeck, MO #47570
5000 West 95th Street, Suite 350
Prairie Village, Kansas 66207
P: 913.749.0900/F: 913.749.0301
johnw@waldeckpatterson.com
meaganp@waldeckpatterson.com

**ATTORNEYS FOR THE DEFENDANT**

# EXHIBIT H

# UNITED STATES DISTRICT COURT
for the

| | | |
|---|---|---|
| William R. Looker, III, et al. | ) | |
| *Plaintiff* | ) | Civil Action No. |
| v. | ) | |
| Smokehouse BBQ, Inc., et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Virginia Stevens Crimmins and Nicole Fisher
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 5/14/15

_____
*Signature of the attorney or unrepresented party*

Darioush Ghasemi
*Printed name of party waiving service of summons*

Darioush Ghasemi
*Printed name*

8126 Forest Park Dr., Parkville, MO 64152
*Address*

darioushghasemi@gmail.com
*E-mail address*

(816) 589-4760
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| William R. Looker, III, et al. | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. |
| Smokehouse BBQ, Inc., et al. | ) |
| Defendant | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Virginia Stevens Crimmins and Nicole Fisher
_(Name of the plaintiff's attorney or unrepresented plaintiff)_

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 5/14/15

 

_Signature of the attorney or unrepresented party_

| | |
|---|---|
| Josh Ghasemi | Josh Ghasemi |
| _Printed name of party waiving service of summons_ | _Printed name_ |

10814 N. Tracy, Kansas City, MO 64155
_Address_

jghasemi@yahoo.com
_E-mail address_

(816) 726-6761
_Telephone number_

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

WILLIAM LOOKER, individually, and on
behalf of a class of other similarly situated
employees,

        Plaintiffs,

v.

SMOKEHOUSE BBQ, INC. d/b/a
SMOKEHOUSE BAR-B-QUE, *et al.*,

        Defendants.

Case No: 4:14-CV00203-DW

## STIPULATION FOR ENTRY OF FINAL JUDGMENT

It is stipulated by and between the undersigned parties that:

1. This Court has jurisdiction over the subject matter of this action, and all of the parties, and that venue of this action is proper in the Western District of Missouri.

2. The parties consent that a Final Judgment in the form attached hereto as Exhibit __J__ may be filed and entered by the Court, upon the motion of either party or upon the Court's own action, and without further notice to any party or other proceedings, other than proper service of the Judgment before it is filed or simultaneously when it is filed upon the parties' counsel or the party, if not represented, provided that Defendant Smokehouse has defaulted on its obligations under the Settlement Agreement.

3.     Defendants agree to be bound by the provisions of the proposed Final Judgment pending its approval by the Court.

Dated: _____

Respectfully submitted,

**CRIMMINS LAW FIRM LLC**

By: /s/ *Virginia Stevens Crimmins*
Virginia Stevens Crimmins, MO #53139
214 S. Spring Street
Independence, Missouri 64050
Telephone: 816-974-7220
Fax: 885-974-7020
v.crimmins@crimminslawfirm.com

**WRIGHT & FISHER, L.L.C.**
Nicole Fisher, MO #59341
Larry Wright, MO #55246
1000 Broadway Blvd., 4th Floor
Kansas City, Missouri 64105
nicole@wrightandfisher.com
larry@wrightandfisher.com
Tel: (816) 471-7008
Fax: (816) 471-1701

**ATTORNEYS FOR PLAINTIFF**

**WALDECK & PATTERSON, P.A.**

By: /s/ *Meagan Patterson*
Meagan Patterson, MO #58234
John Waldeck, MO #47570
Kelly Cochran, MO #64458
Waldeck & Patterson, P.A.
5000 West 95th Street, Suite 350
Prairie Village, Kansas 66207
johnw@waldeckpatterson.com
meaganp@waldeckpatterson.com
kellyc@waldeckpatterson.com

**ATTORNEYS FOR THE DEFENDANT
SMOKEHOUSE BBQ, INC. d/b/a
SMOKEHOUSE BAR-B-QUE**

THE PARTIES TO THIS AGREEMENT UNDERSTAND THAT THIS STIPULATION PROVIDES FOR ENTRY OF JUDGMENT UPON DEFAULT BY SMOKEHOUSE OF THE SETTLEMENT AGREEMENT, AND EXPRESSLY WAIVE ANY RIGHT TO CONTEST SUCH ENTRY OF JUDGMENT IN THE EVENT SMOKEHOUSE DEFAULTS ON THE SETTLEMENT AGREEMENT.

Date: 5-4-15

**Named Plaintiff**

By: _____

Name: William Looker

**Smokehouse BBQ, Inc.**

Date: _____

By: _____
Name: _____
Title: _____

**Joshua Ghasemi**

Date: _____

By: _____
Name: Joshua Ghasemi

**Darioush Ghasemi**

Date: _____

By: _____
Name: Darioush Ghasemi

THE PARTIES TO THIS AGREEMENT UNDERSTAND THAT THIS STIPULATION PROVIDES FOR ENTRY OF JUDGMENT UPON DEFAULT BY SMOKEHOUSE OF THE SETTLEMENT AGREEMENT, AND EXPRESSLY WAIVE ANY RIGHT TO CONTEST SUCH ENTRY OF JUDGMENT IN THE EVENT SMOKEHOUSE DEFAULTS ON THE SETTLEMENT AGREEMENT.

**Named Plaintiff**

Date: _____

By: _____
Name: William Looker _____

**Smokehouse BBQ, Inc.**

Date: ___5/14/15___

By: _____
Name: Josh Ghasemi
Title: Chief Operating Officer

**Joshua Ghasemi**

Date: ___5/14/15___

By: _____
Name: Joshua Ghasemi _____

**Darioush Ghasemi**

Date: ___5/14/15___

By: _____
Name: Darioush Ghasemi _____

# EXHIBIT J

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

WILLIAM LOOKER, individually, and on
behalf of a class of other similarly situated
employees,

        Plaintiffs,

v.

SMOKEHOUSE BBQ, INC. d/b/a
SMOKEHOUSE BAR-B-QUE, *et al.,*

        Defendants.

Case No: 4:14-CV00203-DW

## STIPULATED JUDGMENT

WHEREAS, on or about January 15, 2015, the parties entered into a Settlement Agreement to resolve the claims of the above styled matter;

WHEREAS, as a part of the Settlement Agreement eligible Plaintiffs were given the opportunity to decide whether to participate in the Settlement Agreement. Those Plaintiffs who timely returned Consent to Join forms (which have been filed with this Court), are considered the "Opt-in Plaintiffs" and are eligible to receive settlement proceeds;

WHEREAS, the Court approved the Settlement Agreement, and dismissed the above-referenced case without prejudice, reserving the Court's power and jurisdiction to set aside the dismissal and order entry of judgment against Defendants upon a showing of default by Defendant Smokehouse;

WHEREAS Defendants executed this final Judgment and delivered the original to Plaintiffs' Counsel in full and fair consideration as set forth in the Settlement Agreement;

**IT IS HEREBY STIPULATED,** by and between Plaintiff William Looker, on behalf of himself and a class of similarly situated employees who opted-in to the Settlement ("Opt-in Plaintiffs"), and Defendants Smokehouse BBQ, Inc. d/b/a Smokehouse Bar-B-Que, Joshua

Ghasemi, and Darioush Ghasemi (collectively "Defendants"), that Final Judgment may be entered in the above styled matter in favor of Opt-in Plaintiffs, and against Defendants as set forth below:

1. The Court finds that Defendants are in default of the Settlement Agreement.

2. In light of the above, and in accordance with the terms of the Settlement Agreement, Defendants shall pay $390,000 to resolve the wage and hour claims of Opt-in Plaintiffs, which includes attorneys' fees, costs, settlement administration fees, and service awards. Interest shall also begin to accrue from the date appearing below at the maximum permissible rate.

IT IS SO ORDERED.

Dated: _____    _____
                              United States District Court Judge

Respectfully submitted,

**CRIMMINS LAW FIRM LLC**

By: */s/ Virginia Stevens Crimmins*
Virginia Stevens Crimmins, MO #53139
214 S. Spring Street
Independence, Missouri 64050
Telephone: 816-974-7220
Fax: 885-974-7020
v.crimmins@crimminslawfirm.com

**WRIGHT & FISHER, L.L.C.**
Nicole Fisher, MO #59341
Larry Wright, MO #55246
1000 Broadway Blvd., 4th Floor
Kansas City, Missouri 64105
nicole@wrightandfisher.com
larry@wrightandfisher.com
Tel: (816) 471-7008
Fax: (816) 471-1701

**ATTORNEYS FOR PLAINTIFF**

**WALDECK & PATTERSON, P.A.**

By: */s/ Meagan Patterson*
Meagan Patterson, MO #58234
John Waldeck, MO #47570
Kelly Cochran, MO #64458
Waldeck & Patterson, P.A.
5000 West 95th Street, Suite 350
Prairie Village, Kansas 66207
johnw@waldeckpatterson.com
meaganp@waldeckpatterson.com
kellyc@waldeckpatterson.com

**ATTORNEYS FOR THE DEFENDANT SMOKEHOUSE BBQ, INC. d/b/a SMOKEHOUSE BAR-B-QUE**

THE PARTIES TO THIS AGREEMENT UNDERSTAND THAT THIS STIPULATION PROVIDES FOR ENTRY OF JUDGMENT UPON DEFAULT BY SMOKEHOUSE OF THE SETTLEMENT AGREEMENT, AND EXPRESSLY WAIVE ANY RIGHT TO CONTEST SUCH ENTRY OF JUDGMENT IN THE EVENT SMOKEHOUSE DEFAULTS ON THE SETTLEMENT AGREEMENT.

Date: 5-4-15

**Named Plaintiff**

By: _____

Name: William Looker

Date: _____

**Smokehouse BBQ, Inc.**

By: _____

Name: _____

Title: _____

Date: _____

**Joshua Ghasemi**

By: _____

Name: Joshua Ghasemi

Date: _____

**Darioush Ghasemi**

By: _____

Name: Darioush Ghasemi

THE PARTIES TO THIS AGREEMENT UNDERSTAND THAT THIS STIPULATION PROVIDES FOR ENTRY OF JUDGMENT UPON DEFAULT BY SMOKEHOUSE OF THE SETTLEMENT AGREEMENT, AND EXPRESSLY WAIVE ANY RIGHT TO CONTEST SUCH ENTRY OF JUDGMENT IN THE EVENT SMOKEHOUSE DEFAULTS ON THE SETTLEMENT AGREEMENT.

**Named Plaintiff**

Date: _____

By: _____
Name: William Looker

**Smokehouse BBQ, Inc.**

Date: 5/19/15

By: _____
Name: Josh Ghasemi
Title: C.O.O.

**Joshua Ghasemi**

Date: 5/19/15

By: _____
Name: Joshua Ghasemi

**Darioush Ghasemi**

Date: 5/19/15

By: _____
Name: Darioush Ghasemi

# EXHIBIT K

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

LOOKER, *et al.*, individually, and on a behalf of other similarly situated Plaintiffs,

Plaintiffs,

v.

SMOKEHOUSE BBQ, INC.,

Defendant.

Case No. 14-cv-00203

## [PROPOSED] ORDER

After having fully and carefully reviewed the proposed Settlement Agreement and Release of Claims ("Settlement Agreement") (Exhibit 1 to Doc.___), the Court hereby finds, for the good cause shown, that the Settlement Agreement was negotiated at arm's-length by the parties, and that the Settlement Agreement is a fair, equitable, and reasonable resolution of a bona fide dispute in contested litigation; the Court hereby ORDERS that:

1.     The Settlement Agreement is APPROVED as a fair, equitable, and reasonable resolution of a bona fide dispute in this contested litigation. The form of the Notice and Consent to Join form to potential opt-in Plaintiffs (attached as Exhibit A) to the Settlement Agreement is APPROVED.

2.     Moreover, the formula for distribution of settlement payments and the amounts set forth in Exhibit B to the Settlement Agreement are APPROVED as a fair, equitable, and reasonable measure for distributing the settlement payment by Defendant to Plaintiffs and any potential opt-in Plaintiff who timely elects to participate in the settlement;

3. Solely for purposes of settlement, this case is certified as a collective action under Section 16(b) of the Fair Labor Standards Act (FLSA) defined as follows:

> the 343 Servers employed by Smokehouse BBQ, Inc. from August 15, 2011 to August 15, 2014 identified on Exhibit B to the Settlement Agreement.

4. Crimmins Law Firm, LLC and Wright & Fisher LLC are appointed as Class Counsel for the FLSA collective action.

5. The attorneys' fees and costs, in the amount of 33% of the Settlement Fund and the service award to Plaintiff in the amount of $2,500, are APPROVED; Defendant is hereby ORDERED to pay Plaintiffs, any potential Plaintiff who timely elects to participate in the settlement, and Class Counsel in accordance with and subject to the terms of the Settlement Agreement.

6. The Court will accept the filing of the consent to join forms for any opt-in Plaintiff who timely and properly elects to opt-in to this litigation in accordance with and subject to the terms of the Settlement Agreement.

7. Per the terms and conditions of the parties' Settlement Agreement, the Court will retain continuing jurisdiction for purposes of the (1) implementation of the settlement and any award or distribution of the settlement payments, (2) construction, enforcement, and administration of the Settlement Agreement, and (3) submission to the Court of consent to opt-in forms from those Participating Class Members who timely and properly elect to opt-in this litigation, in accordance with and subject to the terms of the Settlement Agreement. *See Kokkohnen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) (providing that a district court must indicate in its dismissal order that it retains continuing jurisdiction regarding the settlement agreement); *see also Davis v. NovaStar*, 04-0956-CV-W-FJG, Order (W.D. Mo. Oct. 13, 2006) (dismissing FLSA case with prejudice but retaining jurisdiction over settlement).

2

Accordingly, this case is DISMISSED WITH PREJUDICE, with the Court retaining continuing jurisdiction as set forth herein.

SO ORDERED this _____ day of _____, 2015

_____
United States District Court Judge